No. 21,389.

FANNIE CUSICK, *Appellee*, v. W. F. MILLER, *Appellant.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Automobile Driver—Contributory Negligence of Plaintiff.* A pedestrian, arriving at a street intersection which he desires and attempts to cross, is not necessarily guilty of contributory negligence because he does not look behind him for approaching automobiles.

2. SAME—*No Reversible Error in Record.* Various assignments of error relating to evidence, instructions, special findings, and the general verdict, considered, and *held*, none of them is sufficient to warrant a reversal.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed March 9, 1918. Affirmed.

*S. C. Bloss, J. E. Torrance,* and *O. W. Torrance,* all of Winfield, for the appellant.

*A. M. Jackson,* and *A. L. Noble,* both of Winfield, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for personal injuries inflicted by the defendant, who drove his automobile over the plaintiff at a street crossing. The verdict and judgment were for the plaintiff, and the defendant appeals.

Seventh street in the city of Winfield extends east and west. It is crossed by Andrews street, which extends north and south. The plaintiff desired to go from the northeast corner to the southwest corner of the intersection. She intended to take a diagonal course, but discovered a team and wagon, followed by an antomobile, entering the intersection from the west. She took a course more toward the west than toward the south. As the team and wagon came forward the automobile passed north of them and south of the plaintiff, who was only two or three feet within the north portion of the intersection. Just at this time the defendant approached from the east. Driving his automobile at a speed of twelve miles per hour, the defendant, without warning and without slackening speed, undertook to dart between the wagon and

the plaintiff. He knocked the plaintiff down, ran over her, and seriously injured her. The plaintiff was in plain view, and the defendant could have stopped his automobile within the space of two or three feet. With the verdict, the jury returned special findings of fact, which follow:

"1. If plaintiff on approaching 7th avenue had looked to the east could she have seen the defendant's car approaching? A. Yes.

"2. What, if anything, was there to prevent plaintiff from passing straight across 7th avenue from north to south on a line with the sidewalk? A. Wagon and automobile.

"3. As defendant, Miller, approached the intersection of Andrews street with 7th street were there other vehicles in or near the crossing which partly attracted his attention and made it necessary for him to look out for them? A. Yes.

"4. After defendant saw plaintiff in the street and in a dangerous position did he use his best judgment and efforts in trying to avoid the accident? A. No.

"5. After having entered upon the street or intersection of 7th avenue and Andrews in what direction or directions did she move before she was struck by defendant's car? A. South and west.

"6. After the plaintiff stepped upon 7th avenue or the intersection of 7th avenue and Andrews and before the accident, was she delayed or her direct course obstructed by reason of the automobile and the team and wagon on the intersection? A. Yes.

"7. Did the plaintiff just before going south in her effort to cross 7th avenue look east to see if other vehicles or automobiles were coming from that direction? A. No.

"8. Was the plaintiff guilty of negligence which proximately contributed to her injury? A. No.

"9. If you find the defendant was negligent and that such negligence caused the injury complained of, state what particular act or acts, omission or omissions on the part of the defendant caused the injuries. A. Failed to sound horn, failed to put on emergency brake, and driving too fast.

"10. After the defendant discovered the position of the plaintiff in the street did he use all reasonable means within his power under the circumstances to avoid the accident? A. No."

The defendant complains of the introduction of certain evidence.

It is said the plaintiff was allowed to prove the defendant's wealth. What occurred was this: Shortly after the accident deeds of real estate from the defendant to his children were placed on record. The plaintiff desired to show the transfers, as tending to establish consciousness of liability and a purpose to evade satisfaction of such liability. The defendant was

asked a preliminary question, what property he owned at the time of the accident.  He answered that he owned 640 acres of land.  He was then asked what he did with the land shortly after the accident.  He answered that he still owned it, and explained that the deeds which were placed on record were deeds of other land, made long before the accident.  No attempt was made to prove the defendant's wealth.  The evidence which the plaintiff expected to obtain would have been proper, the method of examination to obtain it was proper, and the plaintiff simply failed to prove what she desired to prove.

The defendant complains of the introduction in evidence of a letter to him from the pastor of a church, which it is argued tended to create sympathy for the plaintiff and resentment toward the defendant.  On cross-examination of the defendant the following occurred:

"Q. How many times were you up to see Miss Cusick?  A.  I never went to see Miss Cusick.

"Q.  You received a letter from Rev. Gentry?  A.  I did.

"Q.  Never answered that letter?  A.  No, sir; I thought he was a meddler and did n't pay any attention.

"Q.  I say, you never answered that letter?  A.  No, sir."

At this point counsel for the defendant objected, no ground of objection being stated, and the cross-examination closed. The subject of the cross-examination was outside the scope of the direct examination, was wholly immaterial, and the plaintiff was bound by the answers returned.  The defendant, however, reopened the subject by testifying to facts justifying him in not visiting the plaintiff, because of apprehension of bodily harm.  The letter, which was a friendly one, was then admitted, and the defendant was asked if he was afraid of the preacher.  The court instructed the jury that the letter could be considered only as bearing on the question whether or not the defendant was afraid to visit the plaintiff.  The issue of fear was raised by the defendant.  He might have had the cross-examination stricken out, if he had so desired.  Instead of this he chose to enlarge upon it, and must abide the result.

Complaint is made that an instruction which was requested was not given, and of instructions which were given.

The requested instruction authorized the jury to infer contributory negligence from the plantiff's knowledge of traffic conditions usual to the place, not conditions as they actually

existed, and from her failure to look toward the east. It ran counter to instructions which were given, over objection, and which will now be considered.

The court instructed the jury on the subject of contributory negligence in terms of reasonable and ordinary care, to be determined from all the facts and circumstances. The jury were further instructed that a pedestrian about to cross a city street is not necessarily negligent in not looking and listening for approaching automobiles. The instruction was correct. It is not the law of this state that mere presence of a city street crossing cries danger to a pedestrian, however dangerous a few incorrigible automobile drivers may in fact make the public thoroughfares. (*Williams v. Benson,* 87 Kan. 421, 423, 124 Pac. 531; *Ratcliffe v. Speith,* 95 Kan. 823, 828, 149 Pac. 740.) In this connection it may be observed the defendant is quite inconsistent. He asks to be acquitted of negligence in not seeing the plaintiff, who was directly in front of him, because his attention was taken by the team and wagon and the automobile following them. He charges the plaintiff, whose attention was taken by the same objects, with negligence because she did not look backward and discover his approach.

Violation of the statute limiting the speed of automobiles on city streets and at street intersections was pleaded and proved. The court stated the terms of the statute in an instruction to the jury. It is said the court should have qualified the instruction by stating that violation of the statute must be the direct and proximate cause of injury, to authorize recovery on that ground. The qualification was contained in another instruction covering all acts of negligence charged.

Certain portions of the instructions were devoted to the doctrine of last clear chance. They need not be discussed, because the jury eliminated the subject of last clear chance from the controversy by finding the plaintiff was not negligent at all. It is contended the finding was induced by erroneous impressions derived from instructions. The court perceives no sound basis for the contention.

In one instruction it was said the burden of proof respecting contributory negligence rested on the defendant, without referring to the fact that the plaintiff's evidence might be looked

to. The instruction is to be read with another which discussed contributory negligence and directed the jury to consider all the evidence bearing on the subject.

Complaint is made of some of the findings of fact.

It is said the fourth finding is not sustained by the evidence. Leaving out of consideration the defendant's explanation of his conduct, which the jury may not have believed, the finding is sustained by the evidence. If, however, an affirmative answer based on the testimony most favorable to the defendant were given to the interrogatory, the verdict would not be affected.

It is said the eighth finding is inconsistent with the sixth and seventh findings. The proposition is not argued, and is not capable of demonstration.

It is said the jury were not really instructed with reference to the plaintiff's negligence. The record does not support the statement.

It is said there was no evidence that any of the specifications of negligence contained in the ninth finding contributed to the plaintiff's injury. The court finds no difficulty in relating the injury to the causes stated.

It is said, with reference to the tenth finding, that there is no evidence the accident would have been prevented had the defendant done any of the things he omitted to do. The evidence was that when the defendant discovered the plaintiff he was far enough from her to have stopped his automobile before striking her, and the inference is this could have been done by using the emergency brake. If the defendant had been driving at a lawful rate of speed, it is clear the accident would not have happened. Very likely the jury believed the defendant discovered the plaintiff at a greater distance from him than he estimated, and, if so, sounding the horn would no doubt have saved her.

Some of the objections to the evidence, to the instructions, to the findings, and to the verdict, have not been discussed. They have, however, been considered, and none of them is deemed sufficient to warrant a reversal.

The judgment of the district court is affirmed.