No. 22,097.

BELVA COUGHLIN, *Appellant*, v. FRED LAYTON, *Appellee*.

SYLLABUS BY THE COURT.

1. AUTOMOBILE—*Injury to Pedestrian Crossing Street—Instructions.* In an action by a pedestrian on account of having been run into by an automobile, it is held that no error was committed in the giving and refusal of instructions regarding the relative duties of the parties.

2. SAME—*Special Findings Not Inconsistent.* In such a case, a finding that the defendant could have seen the plaintiff at a distance of eighteen feet, when in fact (as he testified) he did not see her until his car was within three feet of her, implying negligence in failing to keep a sufficient lookout, can be reconciled with a finding that he was not driving his car in a negligent manner, by interpreting the latter as meaning that there was nothing wrong with the actual operation of the car—the keeping of a lookout not being regarded as a part of the driving.

Appeal from Cloud district court; JOHN C. HOGIN, judge. Opinion filed May 10, 1919.   Affirmed.

*Park B. Pulsifer, Charles L. Hunt,* and *Clyde L. Short,* all of Concordia, for the appellant.

*M. V. B. Van De Mark,* and *A. M. French,* both of Concordia, for the appellee.

The opinion of the court was delivered by

MASON, J.:   Belva Coughlin was injured while crossing a street, by being run into by an automobile driven by Fred Layton.   She brought an action against him, and appeals from a judgment upon a verdict in his favor.

The defendant was driving west on the north side of the street.   He turned out to avoid a car which was parked at the curb just ahead of him, passing about four feet south of it. The plaintiff started to cross the street from north to south a little west of the standing car.   The jury found that the defendant's car was running at the rate of five miles an hour.

1.   The petition charged negligence in running at too high a speed, without looking ahead and without giving a warning of his approach.   Complaint is made of the refusal of an instruction asked by the plaintiff, to the effect that, even if the speed of the car was lawful and reasonable, the defendant might be held liable on the ground that the injury was due to his negligence in failing to keep a sufficient lookout.   The correctness of the instruction is conceded, but the defendant asserts that the same proposition was included in the general charge.   In one instruction, the purpose of which was to inform the jury that negligence in general consists of the failure to conform to the standard of reasonably prudent persons under like circumstances, negligence on the part of the defendant was twice referred to as "in driving his automobile."   This perhaps had some tendency to suggest to the jury that the only negligence charged against him was in driving too rapidly.   But in other paragraphs it was stated specifically that it was the duty of a driver of an automobile "to keep a lookout to avoid injury to others using a street"; that though it should be found that the defendant was driving at a low rate of speed, "still he was bound to use due and ordinary care to avoid collisions or to

avoid injuring others," failure to do which would render him liable in the absence of contributory negligence; that if the defendant ought to have realized that the plaintiff was getting into a dangerous position in front of his machine, then he was required to exercise increased exertion to avoid collision with her; and that a person using a street, either on foot or driving a car, is required to look ahead, and is presumed to have seen whatever would be perceived through a proper lookout. We regard these instructions as sufficiently covering the ground of that requested. It is argued that the jury, in considering the charge as a whole, would naturally think the instruction that it is the duty of a driver of an automobile to keep a lookout, meant that such obligation arose only when he was driving fast. We think the likelihood of that interpretation having been adopted is too remote to afford a basis for setting aside the verdict.

Complaint is made also of the refusal to give an instruction reading: "Independently of any statute it is negligence as a matter of law to drive an automobile at such speed that it cannot be stopped within the distance that objects can be seen ahead of it." Such an instruction is appropriate where the range of vision is limited by darkness or fog. (*Fisher v. O'Brien*, 99 Kan. 621, 162 Pac. 317.) The plaintiff contends that it was applicable here, because the standing car prevented the defendant from seeing a person west of it, who might have started to cross the street from the north side, until such person had passed the car, or the defendant was nearly abreast of it. We do not regard the rule invoked as pertinent to the situation presented.

The plaintiff asked an instruction that (1) "a traveler on foot is not necessarily negligent because he starts to cross a street without first looking or listening to ascertain whether an automobile is approaching," and (2) "such a traveler has a right to assume that other persons using the street with him will exercise a proper degree of care." The court gave an instruction which omitted the second sentence quoted, and added to the first, the words—"Whether he should do so or not depends upon the circumstances and conditions of the particular act in question, and is to be determined by the jury in this case from the evidence before them." In this we find no error.

The instruction as given correctly indicates that the failure to look for approaching vehicles before attempting to cross a street may sometimes be negligent and sometimes not, according to the circumstances, and that in the present case whether the exercise of due care called for such a precaution was a question of fact for the jury. It was not necessary for the court to say that the plaintiff had a right to assume that any one driving an automobile on the street would use proper care, and to have done so might possibly have tended to induce the belief that the failure of the plaintiff to look out for an approaching vehicle could not in any view of the facts be regarded as negligence. This court has used the language which was omitted from the requested instruction (*Williams v. Benson*, 87 Kan. 421, 424, 124 Pac. 531), just as it has said that "motorists may ordinarily assume that pedestrians or others using the street will exercise ordinary care" (*Ratcliffe v. Speith*, 95 Kan. 823, 825, 149 Pac. 740), but in each case the context shows that nothing was intended at variance with the instruction as given by the trial court.

The court, at the request of the plaintiff, told the jury that "it is not negligence of itself for a pedestrian to cross a street in front of an approaching automobile which he plainly sees," adding however—"but as to whether it is negligent or not is a question for the jury to determine from the facts and circumstances surrounding the case in question." The instruction as originally drawn was correct, provided the phrase "of itself" is regarded as the equivalent of "as a matter of law," but the addition was warranted as a precaution against its being misunderstood.

The court was asked to give the following instruction, taken from the syllabus in *McDonald v. Yoder*, 80 Kan. 25, 101 Pac. 468:

"It is the duty of one in charge of an automobile driving upon a public street or highway to look ahead and see all persons and horses in his line of vision, and in case of accident he will be conclusively presumed to have seen what he should and could have seen in the proper performance of such duty."

In lieu thereof, the following was given:

"You are instructed that it is the duty of any one using a public street, either as a foot passenger or in driving an automobile thereon, to look ahead and see whatever there may be in the line of his or her vision which

should affect the use of said street, and such person is in law presumed to have seen what they could or should have seen had they kept a proper lookout."

The contention is made that to impose upon the pedestrian the same obligation to look ahead which is enjoined upon the driver of a car is to depart from the doctrine that a foot traveler is not negligent as a matter of law because he starts across a street without looking or listening to discover the approach of an automobile. One about to cross a highway is not always required to look to the right and left, as must be done before crossing a railroad track, but he would not be exercising due diligence if he failed to look ahead and see whatever was in his line of vision that might affect his safety.

Complaint is made of instructions given, upon the grounds already stated, and also because, assuming that they correctly stated the law, so much stress was laid upon the theories of unavoidable accident and contributory negligence that the jury were thereby encouraged to find for the defendant. We do not discover such repetition in the instructions covering these matters as in our judgment to warrant the belief that the jury were misled.

2. A reversal is asked because of inconsistency in the special findings. The jury found, in effect, that the collision took place about 18 feet west of the east end of the parked car. To the question, "Where was defendant's car at the time he could have first seen plaintiff crossing the street?" the answer was returned: "At east end of parked car." If this means that the defendant could have seen the plaintiff when the front of his car (rather than the middle or rear of his car, or the defendant himself) was opposite the east end of the parked car, then he could have seen her while she was eighteen feet ahead of his car. He testified that he did not in fact see her until his car was within two or three feet of her. As his car was going only five miles an hour, the plaintiff justly contends that he must have been negligent in failing to keep a lookout, or he would have seen her sooner. That being true, the verdict could only be upheld on the theory that she was guilty of contributory negligence. But the jury also returned a negative answer to the question: "Was the defendant driving his car in a negligent manner at the time of the accident?" If this means that the

defendant was guilty of no negligence in any respect, it is in conflict with the findings that show his failure to keep a proper lookout. But considerable liberality of interpretation must be indulged, in order, if reasonably possible, to harmonize the findings with each other and uphold the judgment. It seems quite probable that what the jury meant by saying that the defendant was not driving his car in a negligent manner was merely that there was nothing wrong with its mechanical operation—as to speed, direction, or control—his failure to look ahead and see the plaintiff not being regarded as a part of the actual driving of the car. Such an interpretation may be somewhat liberal, but we do not think it one we have a right to ignore. We therefore hold that the findings may, and, consequently should, be reconciled upon the theory that they amount to this: that the defendant handled the car properly, but was negligent in failing to see the plaintiff as soon as he should have done, and that her recovery is prevented by her own failure to exercise due care for her safety.

The judgment is affirmed.