No. 24,548.

## H. E. KINEAR, *Appellee*, v. ADELLE GUTHRIE, *Appellant.*

### SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Driver of Automobile Against Pedestrian—Driver Guilty of Culpable Negligence.* A special finding of the jury as to the manner in which the defendant drove an automobile against the plaintiff at a street crossing when he was attempting to walk across the street is held to show culpable negligence on the part of the defendant.

2. SAME—*Right of Pedestrian to Assume that Drivers of Automobiles Will Exercise Due Care.* A pedestrian has a right to assume that drivers of automobiles will exercise due care and drive in the manner and on the course prescribed by law, and is not necessarily guilty of contributory negligence if he fails to look behind him or to listen for an approaching automobile, especially when he has reached a place over which the automobile should not have been driven.

3. SAME—*When Findings and Verdict May Be Reviewed on Appeal.* Before a claim that the findings and verdict of a jury are not supported by the evidence can be reviewed on appeal a motion for a new trial based on that ground must have been presented to the trial court and determined.

Appeal from Shawnee district court, division No. 1; JAMES A. McCLURE, judge. Opinion filed June 9, 1923. Affirmed.

*Thomas F. Doran,* and *Clayton E. Kline,* both of Topeka, for the appellant.

*J. E. Addington, Frank Doster,* and *Otis Hungate,* all of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: H. E. Kinear, who was struck and injured by an automobile driven by Adelle Guthrie, brought this action and recovered a judgment against the latter for the injuries sustained, from which she appeals.

With reference to the situation at the place of the collision in Topeka, and the circumstances attending it, plaintiff alleged that defendant's automobile was driven against him on the west side of the intersection of Kansas avenue which runs north and south, and Sixth street, which runs east and west, and that each is occupied by double street-car tracks built in the middle of the streets. He averred that he started to walk south across Sixth street on the west side of Kansas avenue and when he reached within two or three feet of the north rail of the north track, a street car was ap-

Kinear v. Guthrie.

proaching from the west and in order to be in a place of safety while waiting for the street car to pass he stood .near the track within a step of the end of the safety zone, marked off by white paint at the side of the north track of the street railway, and that the defendant, who was driving an automobile from the north on Kansas avenue, turned into Sixth street, making a wide swerve, driving onto the safety zone, in violation of an ordinance of the city, at a reckless rate of speed, and drove the car upon the plaintiff without notice or warning, knocking him down and severely injuring him. Besides a general denial in defendant's answer, she alleged that plaintiff failed to exercise ordinary care for his own safety, that he neither looked nor listened for approaching automobiles and that he heedlessly walked in front of the automobile without taking any care for himself.

Special questions were submitted to the jury which, with the answers given, are as follows:

"Question 1. If you find for the plaintiff, state what particular act or acts of negligence on the part of Adelle Guthrie were the direct and proximate cause of the injury to plaintiff? A. Did not drive close enough to curb as provided by city ordinance. Took too long a curve, and she did not apply emergency brake.

"Question 2. Did the plaintiff see or hear the automobile driven by Adelle Guthrie, or. know of its approach, until it struck him? A. No.

"Question 3. Was there any obstruction in the street which would have prevented the plaintiff from seeing or hearing the car driven by Adelle Guthrie in time to have escaped injury, had he been looking or listening? If so, state what it was. A. No.

"Question 4. Was the plaintiff looking or listening for automobiles approaching him as he crossed from the north curb of Sixth street to the point where he was injured? A. No, his attention was directed to street car in front of him.

"Question 5. Was there anything to prevent the plaintiff from seeing the automobile driven by Adelle Guthrie, in time to have moved out of its way and thus avoided the injury, had he been looking and listening? A. No.

"Question 6. Was the plaintiff within the safety zone near the street car track at the time he was struck by the automobile? A. Near safety zone but not in it.

"Question 7. If you find for the plaintiff, state:

(a) The amount allowed for loss of time and wages.... $1,597.45
(b)
(c) Amount allowed for hospital bills................... 66.35
(d) Amount allowed for doctors' bills.................. 130.00
(e) Amount allowed for medicines.................... 2.00

Total ....................................... $1,795.80

"Question 8. Was there anything in the street to prevent defendant seeing plaintiff where he was at the time and immediately prior to being struck by the automobile? If so, state what it was. A. No."

The sole question presented for review by the defendant is the overruling of her motion for judgment on the special findings of the jury. It is contended first, that the findings disclose no act of negligence on the part of the defendant. From the findings made it may be assumed that defendant was not driving at an excessive rate of speed, but it was specifically found that instead of turning into Sixth street as close to the curb as practicable, as the ordinance required, she took a long curve, driving considerable distance from the curb and so near to the street-car track as to strike the plaintiff, who was standing within two or three feet of the street-car track, and on into the safety zone where intending passengers are permitted to stand. It is practically conceded that, if the finding was a true statement of facts, it would be negligence, but it is earnestly insisted that the finding is not supported by the evidence. That contention is not open to consideration as the only ground of error assigned is that the findings compel a judgment for defendant. Besides, the sufficiency of the evidence to sustain the findings was not brought to the attention of the trial court by a motion for a new trial. It has been so frequently ruled as to make the citation of authorities unnecessary that where a claim is made that the findings and verdict are against the evidence, a motion for a new trial based upon that ground must have been made and determined. Coupled with the fact that defendant drove too far from the curb when turning into Sixth street, is the finding that she was negligent in not applying the emergency brake before driving against the plaintiff. There is no claim that the findings are inconsistent with the verdict, and taking the first finding as it reads it cannot be held that defendant was free from negligence.

It is further contended that under the findings the plaintiff was guilty of contributory negligence. This contention is based on the findings that there was nothing to have prevented the plaintiff from seeing or hearing the automobile driven by the defendant if he had looked and listened, that he was not looking or listening when the automobile approached him, his attention being directed to the crossing in front of him, and that if he had looked and listened the could have seen the automobile and moved out of its way and thus have avoided the collision. While plaintiff was required to exer-

cise care for his own sefety, he had crossed to a place of safety in the street so far as automobiles that might be turned into or driving west on Sixth street were concerned. His attention was necessarily directed to the street car or other vehicles passing in front of him upon the other side of the street, which he was about to cross, and to this danger he was giving attention. He had a right to assume that the defendant or others driving on the side of the street over which he had passed would exercise due care and would keep their cars near the curb on that side of the street as the city ordinance and rules of the road required. In *Williams v. Benson,* 87 Kan. 421, 124 Pac. 531, it was held:

"Foot travelers have the right to assume that others who may be lawfully using a public street or highway with them, will exercise a proper degree of care and when crossing a public street are not obliged to be constantly on the lookout to avoid injury from others." (Syl. ¶ 1.)

If plaintiff had noticed defendant's automobile approaching and had seen her signal on a purpose to turn into Sixth street, he would have had no reason to anticipate that the car would be driven out near the middle of the street to the place where he stood and upon which she was prohibited from driving. In the late case of *Cusick v. Miller,* 102 Kan. 663, 171 Pac. 599, the duties of a pedestrian crossing a street were considered, and also the claim that one so crossing without looking or listening for an approaching automobile was necessarily negligent. It was there decided:

"A pedestrian arriving at a street intersection which he desires and attempts to cross is not necessarily guilty of contributory negligence because he does not look behind him for approaching automobiles." (Syl. See, also, *Hennessy v. Taylor,* 189 Mass. 583.)

Upon the findings brought into the record we cannot hold, as a matter of law, that the plaintiff was guilty of contributory negligense in failing to look behind him for an automobile that might be driven out of its course and to the position which he occupied. The facts in the case have been settled by the jury, and upon those found it must be held that the defendant was negligent, and that a recovery by the plaintiff is not barred because of contributory negligence on his part.

Judgment affirmed.