No. 28,111.

James A. Nicholas, *Appellee,* v. F. O. Wiles, *Appellant.*

(271 Pac. 307.)

Opinion filed November 3, 1928.

C. B. Randall, of Topeka, and *Wade H. Evans,* of Kansas City, Mo., for the appellant.

F. L. Loveless, of Topeka, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an action for personal injuries sustained by a pedestrian who was struck by an automobile. The jury answered special questions and returned a verdict for plaintiff. Defendant has appealed, and contends that plaintiff was guilty of contributory negligence which barred his recovery. This question was raised by demurrer to the evidence and by a motion for judgment on the special findings. It is the only question we need consider, for there is ample evidence to support the finding of defendant's negligence, and no question is now raised on that point. Neither is the extent of plaintiff's injuries nor the amount of the verdict questioned.

Briefly, the evidence relating to the way the casualty occurred is as follows: The casualty occurred at the intersection of Topeka boulevard and Huntoon street in the city of Topeka. Topeka boulevard is a main-traveled north-and-south street set apart for passenger vehicular traffic. It approaches Huntoon street from an angle a little east of north and at Huntoon street turns directly south, making an angle or "jog" at this intersection. Huntoon street is an east-and-west street intersecting Topeka boulevard and has a heavy vehicular traffic, especially west of this intersection. On the evening in question plaintiff was walking from his place of business east of Topeka boulevard to his home west of that street and on the sidewalk on the north side of Huntoon. It was just about dusk. Some cars were using the lights and some were not. When he reached the east edge of Topeka boulevard he looked to his left and saw four cars approaching from the south. None of them had lights burning. He waited until they passed and then started west across Topeka boulevard, which is paved sixty-four feet wide at that point. As he proceeded west, and when he approached near the center of Topeka boulevard, he looked to his right and saw what proved to be defendant's car approaching from the north with the lights burning. It was then about the middle of the block between Eleventh and Twelfth streets. The first street north of Huntoon intersecting Topeka boulevard is Twelfth street, and between Huntoon and Twelfth on the west side of the street is a short block, but from Twelfth to Eleventh street north is a full block. Plaintiff continued to walk west and continued to observe defendant's car approaching until it crossed Twelfth street, where there are street-car tracks. By

this time plaintiff was west of the center of Topeka boulevard. A car was standing near the curb on the west side of Topeka boulevard between Huntoon and Twelfth streets. Plaintiff continued to walk west and to observe defendant's car until it got to within about 75 or 100 feet of Huntoon. It was then traveling south a little west of the center of Topeka boulevard. Its lights reflected south on Topeka boulevard back of plaintiff as though the driver contemplated driving south on Topeka boulevard and not turning west on Huntoon. At that time plaintiff was within about twelve feet of the west side of Topeka boulevard. He then turned his attention for a moment to see if any cars were approaching him from the west on Huntoon, continuing to walk west. When within about eight feet of the west curb line of Topeka boulevard he was struck by the left fender of defendant's car, defendant having turned sharply to the right so that the right fender of his car was almost to the west curb of Topeka boulevard. The force of the collision knocked plaintiff some distance and injured him. Defendant was really turning west into Huntoon, and there was evidence that he was making this turn at a speed of thirty miles an hour or more. He did not see plaintiff until he struck him.

The point strenuously argued by appellant is that plaintiff, having seen defendant's car approaching, should have continued to look at it and kept out of the way of it, and that he was negligent, as a matter of law, when he ceased for a moment to look at defendant's car and directed his attention to seeing whether a car was approaching him from Huntoon street. We think the question of plaintiff's negligence was a fair question to submit to the jury under all the facts and circumstances of the case. The real question is: Did plaintiff use due care? It would seem this would require him to know whether a car was approaching from Huntoon. With defendant's car traveling south not far from the center of the street—and it had to be far enough east of the west curb line of the street to miss a standing automobile there—a prudent man might very well have concluded, when he was within twelve feet of the west curb line of the street, with a car approaching him from the north as much as seventy-five feet away and apparently headed in a way to go south, that he could then take time to observe whether a car was approaching him from the west. It seems clear that plain-

tiff would not have been struck had defendant not turned his car sharply to the right and at a rapid rate of speed. There was no error in overruling the demurrer to the evidence.

It is not necessary to set out the special questions or analyze them specifically. They follow substantially the testimony of the plaintiff, the substance of which is above stated, hence there was no error in overruling the motion for judgment on the special findings.

Lastly, it was argued that a motion for a new trial should have been sustained because the verdict is not in accordance with the law and the evidence; but this again raises the same question previously discussed.

Finding no error in the record, the judgment of the court below is affirmed.