No. 32,929

SOPHIA MARIA DICKS, *Appellee,* v. J. R. WILSON, doing business as The Hasty Cab and Transfer Company, *Appellant.*

(56 P. 2d 1036)

Opinion filed April 22, 1936.

*Hugh C. Larimer* and *J. C. Linge,* both of Topeka, for the appellant.
*Henry D. Dangerfield,* of Topeka, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages on account of plaintiff being hit by a taxicab. The demurrer of defendant to the evidence of plaintiff was sustained. Later plaintiff was granted a new trial. Defendant appeals.

Plaintiff alleged in her petition that she was struck by a taxicab while the driver was driving it in a careless and negligent manner, by driving on the wrong side of the street, and that the taxicab's windows and windshield were covered with mist and the driver was not keeping the proper lookout for pedestrians on the street.

The answer of the defendant denied that the driver was negligent, and alleged that the plaintiff was guilty of contributory negligence in that she cut across the street in a diagonal course and not in the regular sidewalk lane.

At the trial the plaintiff showed that she arrived at the intersection of Fifth street and Topeka boulevard in Topeka at about 7:30 a. m. December 24. The weather was cold. Mist was falling and freezing as it fell. The streets were rather slippery. A person walking on the street could see about half a block or a little more. When the plaintiff arrived at the northeast corner of Fifth and Topeka she glanced up and down Fifth street and seeing no cars coming she proceeded to cross. Since her destination was 509 Topeka boulevard, which is on the west side of the street, it was then necessary for her to cross Topeka boulevard. Just as she started to step from the curb into the street there was a car coming from the south. This car was properly in the half of the street into which plaintiff was stepping. She glanced up and saw this car coming and passed in front of it on into the center of the street. She was walking on the crosswalk crossing Topeka boulevard and at the time she was hit she was looking straight ahead. The windshield of the taxicab had ice on it. Plaintiff knew that Topeka boulevard was a through street and that the speed limit was 35 miles an hour.

When this evidence had been introduced the defendant demurred to it. This demurrer was sustained. Later a motion for a new trial was filed by plaintiff on the ground that the court erred in sustaining the demurrer to the evidence. During the same term this motion was sustained by the trial court. Defendant is appealing from the order sustaining the motion of plaintiff for a new trial. Had the court overruled the demurrer to the evidence in the first place defendant would have had the right to appeal. The effect of the action of the trial court in granting the motion for a new trial after the demurrer had been sustained was the same as though the demurrer had been overruled in the first place.

As to the merits of the case defendant argues that there is a duty on a pedestrian to keep a constant lookout for cars while crossing

a street, and that since the evidence showed the plaintiff was looking straight ahead when the taxicab hit her she was guilty of such contributory negligence as would preclude her recovery of damages as a matter of law.

It will be noted that the only specific act of negligence pleaded against the plaintiff was that she did not cross the street in the sidewalk lane. All the eye witnesses to the occurrence testified that she was in the sidewalk lane. The only evidence that she was not in the sidewalk lane when hit was that when she was picked up off the pavement after she had been hit she was about a car length south of the sidewalk lane. This is simply a circumstance and not a very persuasive one that the eye witnesses were wrong. Under such circumstances the question should have been submitted to the jury.

There is one other vague charge of negligence made against plaintiff in the answer, that is, the answer pleads that the plaintiff "did, in disregard to the weather conditions and the time of the morning, cut across Topeka boulevard in a careless and negligent manner." To sustain the argument that the evidence of plaintiff showed her to be guilty of contributory negligence under that allegation, defendant points out that one eye witness testified that she was looking straight ahead when she was hit, while plaintiff herself remembers nothing after she stepped into the street. It is argued that such conduct constitutes sufficient contributory negligence to prevent plaintiff from recovering. To sustain this argument, this court would have to say that where a pedestrian took his eyes away from either his right or his left, depending on which traffic lane he was in, for an instant, he was negligent. Such a rule would make it impossible for a pedestrian to look in the direction he was walking to see whether he was stepping into a hole in the pavement or stumbling over a brick. There was a half of a street fifty-five feet wide at this intersection and it is difficult to see why defendant's driver could not, by the exercise of due care, have avoided hitting plaintiff. The rule as to the duty of a pedestrian crossing a street at an intersection is stated in 3 Berry on Automobiles, 7th ed., page 302, as follows:

"When a pedestrian has committed himself to the crossing, he has the right to assume that vehicles will have due regard for his safety. Where a pedestrian is lawfully and prudently crossing a street, he is not guilty of contributory negligence merely because he does not run upon seeing an automobile approaching.

"Whether a pedestrian crossing a street at an intersection has used ordinary care to avoid injury from automobiles is ordinarily a question for the jury."

Another specification of error made by defendant is that the court erred in sustaining objections to certain questions upon the cross-examination of the plaintiff. We have searched the record and find only one objection sustained to a question asked plaintiff on cross-examination. It was argumentative, and objection to it was properly sustained.

We have concluded, therefore, that the demurrer of the defendant to the evidence of plaintiff should have been overruled and the court was correct in granting plaintiff a new trial.

The judgment of the trial court is affirmed.