No. 35,710

Mrs. Gladys Orr, *Appellee*, v. Frank E. Hensy, *Appellant*.

(135 P. 2d 565)

Opinion filed April 10, 1943.

*W. L. Cunningham,* of Arkansas City, argued the cause, and *D. Arthur Walker* and *William E. Cunningham,* both of Arkansas City, were on the briefs for the appellant.

*George Templar,* of Arkansas City, argued the cause for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action for damages alleged to have been sustained by plaintiff when the automobile in which she was riding with her husband collided with one driven by the defendant.

The collision occurred at an intersection of two roads. The car in which plaintiff was riding was being driven from the east toward the west. The road was gravel, about sixty feet wide, and had space for two lanes of traffic. The defendant was driving from the north toward the south. This road was of dirt north of the intersection, about forty feet wide, with only one lane for traffic. The traveled portion of this highway was about fifteen feet wide. About four hundred feet north of the intersection there was a knoll so that the road upon which defendant was driving sloped to the south of this knoll to the intersection. A person in a car approaching the intersection from the east could not see a car approaching from the north beyond this knoll. There was a hedge fence along the south side of the east-and-west road east of the intersection and along the east side of the north-and-south road east of the intersection. There were no obstructions along the north side of the east-and-west road. There was a culvert across the east-and-west road about six feet south of the north line of the intersection. The collision occurred about six o'clock in the evening on May 17. The car driven by de-

fendant from the north struck the car in which plaintiff was riding on the right side near the front door.

There is no dispute about the facts that have just been stated. The jury returned a general verdict in favor of the plaintiff and answered special questions. Judgment was rendered for the plaintiff pursuant to the verdict. Hence this appeal.

Defendant argues first that the trial court erred in overruling his demurrer to the evidence of plaintiff and his motion for a directed verdict against plaintiff in favor of defendant. These two arguments may be considered together. (See *Hayes v. Reid*, 145 Kan. 51, 64 P. 2d 19.) The argument is that the evidence of plaintiff established that she was guilty of contributory negligence as a matter of law so as to bar her right to recover.

In considering a demurrer to the evidence it must be viewed in the light most favorable to the plaintiff and all reasonable inferences must be drawn in her favor. See *McDaniel v. Myers*, ante, p. 21, 131 P. 2d 650; *Robinson v. Short*, 148 Kan. 134, 79 P. 2d 903; and Dassler's Code of Civil Procedure, 2d ed., pp. 1241, 1242.

With the above rule in view we shall examine the testimony of the plaintiff.

She was riding with her husband. Their car was in good mechanical condition. As they approached the intersection and were about seventy-five or eighty feet from it she looked north. There was nothing to obstruct her vision to the north and she did not see or hear any vehicle approaching from the north. She testified that a car could be seen as far as the knoll. She further testified that she looked west and when the car was about twenty or twenty-five feet from the center of the intersection, or at its east boundary, she looked south and there were no vehicles coming from that direction, and that the hedge fence on the south of the road made it necessary for her to look to the south just before they drove into the north-and-south road.

The husband of plaintiff testified to about the same effect, and in addition that he was probably a little over the center line of the intersection when he looked west; that there was a flash and he saw another car coming toward him from the north, probably twenty or thirty feet from him. After he saw the car he did not have time to do anything. Defendant told him at the hospital that he was going forty miles an hour. In his judgment he himself was going about twenty miles an hour as he approached the intersection.

Defendant points out that this evidence established that plaintiff looked to the north for the last time when the car in which she was riding was about seventy-five feet from the intersection and drove into the intersection without again looking to the north. He argues that such conduct constituted a want of due care on her part and since such was established by her own evidence, the demurrer of defendant to her evidence should have been sustained.

Since the plaintiff says she looked to the north when seventy-five feet away from the intersection and saw no car approaching from the north for a distance of four hundred feet, we must assume for the purpose of this discussion that there was no car there. An ordinarily reasonable person would have a right to assume that no car would reach the intersection from a point four hundred feet north of it while a car in which she was riding was going seventy-five feet. It was not contributory negligence on the part of plaintiff as a matter of law to assume that no car would enter the intersection from the north, since when she was seventy-five feet away she had looked and there was no car nearer than four hundred feet. We have taken further note of the fact that the road which plaintiff was crossing was a narrow road with only one track for traffic and plaintiff's car had reached the center of it before it was struck.

The next argument of the defendant is that the court erred in not sustaining his motion for judgment on special findings notwithstanding a general verdict. We have examined these answers. They follow pretty closely the testimony that was given by the plaintiff and her husband and the other witnesses. Hence, what we have said as to the correctness of the order of the trial court in overruling the demurrer to the evidence applies with equal force to the argument that the motion for judgment notwithstanding the general verdict should have been sustained.

The judgment of the lower court is affirmed.

Hoch, J. (dissenting): The reasons for my dissent will be briefly stated. The jury's answers to special questions seem to me clearly to constitute a finding of contributory negligence on the part of the plaintiff. In my opinion the case cannot reasonably and logically be distinguished from others where similar situations were presented and where we have held that there was contributory negligence barring recovery.

Plaintiff's husband was driving and she was sitting beside him. They were traveling west. Their car was struck at an intersection

by defendant's car, which was coming from the north. The jury found that there was nothing to obstruct the view to the north, and both the plaintiff and her husband had so testified. The jury found that for a quarter of a mile before they reached the intersection they could see a car coming from the north at any time after it came over a knoll which was four hundred feet north of the intersection. The jury found that the defendant was traveling at the rate of forty miles an hour from the time it came over the knoll until it reached the intersection; that the plaintiff's car was traveling twenty miles an hour and could have been stopped within twenty to twenty-two feet. Since defendant was traveling twice as fast as the plaintiff, it follows as an inescapable fact of mathematics that plaintiff was two hundred feet east of the intersection when the defendant's car came over the knoll and into plain view four hundred feet north of the intersection. There was no instant while plaintiff and her husband were traveling that two hundred feet, at the slow rate of twenty miles, when they could not have seen the defendant's car if they had looked to the north. Plaintiff testified that she looked to the north when they were seventy-five or eighty feet from the intersection, but saw no car. Her husband testified that he looked when they were eighty or ninety feet from the intersection and saw no car. But the jury found there was nothing whatever to keep them from seeing it. Countless authorities might be cited to the effect that one must be charged with seeing what is plainly to be seen if he looks. (*McDonald v. Yoder*, 80 Kan. 25, 101 Pac. 468; *Turner v. George Rushton Baking Co.*, 135 Kan. 484, 487, 11 P. 2d 746; *Coughlin v. Layton*, 104 Kan. 752, 755-757, 180 Pac. 805.) Any other rule would provide easy escape from liability. When plaintiff was ninety feet from the intersection the defendant's car was one hundred eighty feet from the intersection, and when she was seventy-five feet away defendant was one hundred fifty feet from the intersection. During more than twice the greatest distance from the intersection at which either of them testified they looked the defendant's car was plainly visible and continued to be plainly visible until the collision occurred. So the jury found.

We have a number of closely analogous cases which might be reviewed. I shall note only two recent ones. In *Sayeg v. Kansas Electric Co.*, ante, p. 65, 131 P. 2d 648, plaintiff was injured in a collision at an intersection, her car being struck by a car approaching from the north. The jury found that there was nothing to

prevent her from seeing the other car though they found "she looked but evidently did not see" it. They found, and logically so, that this constituted negligence "to some extent." We reversed a judgment for plaintiff on the ground that contributory negligence barring recovery was shown by the jury's answers.

The situation presented in *Earhart v. Tretbar*, 148 Kan. 42, 80 P. 2d 4, was practically identical with the instant one, on the issue of contributory negligence. We quote from the opinion in that case:

"Defendant's car entered the intersection at a speed of 40 to 43 miles per hour and the plaintiff's car entered the intersection between 20 and 25 miles per hour; the collision occurred near the center of the intersection; passengers in plaintiff's car had a clear vision of the road on which defendant was traveling while plaintiff's car was 50 feet east, 100 feet east, 100 yards east and 200 yards east of the intersection; plaintiff did not, prior to reaching the intersection, see defendant's car approaching; the driver of, or passengers in plaintiff's car could have seen defendant's car had they looked; plaintiff was guilty of negligence in that he did not see the approaching car which he should' have seen; the direct and proximate cause of the collision was the negligence of both defendant and plaintiff." (p. 44.)

Why should not the usual rule be applied in this case? We are told that there is one fact or circumstance which changes the situation and absolves the plaintiff from contributory negligence. Contrary to the situation on the north, where the view was open, there was a hedge fence on the south which obstructed the view. Plaintiff and her husband testified that they looked to the south about the time they entered the intersection, which was obviously a prudent thing to do on account of the obstruction of the hedge fence prior to that time. Did the necessity of that precaution relieve them from any obligation to note whether a car was coming from the north? If they had looked they would have seen the car at any time while they were traveling, at slow speed, the two hundred feet east of the intersection. A turn of the head, a glance north within a split second would have sufficed. Nor, on an issue of contributory negligence, does the fact that they were first into the intersection excuse a failure to use ordinary care and precaution in apprehending danger and avoiding injury.

Plaintiff was obliged to use reasonable care to avoid danger and injury, from both directions. The jury's answers show that such care was not used as to the north from which the blow came. We say, in effect, by the decision in this case that attention to or preoccupation with a special hazard from one direction exculpates for

negligence in failing to give regard to a hazard—perhaps less obvious in character but none the less present—from the opposite direction. That, in my opinion, is an unsound, a far-reaching and dangerous doctrine.

WEDELL, J., concurs in the foregoing dissenting opinion.