No. 37,143

Ruby Butts, *Appellee*, v. The Kansas Power and Light Company
and V. O. Coe, *Appellants*.

(195 P. 2d 567)

Opinion filed July 10, 1948.

*Robert E. Russell,* of Topeka, argued the cause, and *Clayton E. Kline, M. F. Cosgrove* and *Balfour S. Jeffrey,* all of Topeka, were with him on the briefs for the appellants.

*Harold E. Doherty,* of Topeka, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

Parker, J.: This is an action for personal injuries sustained by a pedestrian who was struck by a motor bus while crossing a street intersection. The cause was tried by a jury which returned a general verdict in favor of the plaintiff together with answers to special questions. Judgment was rendered against defendants upon the verdict and they have appealed.

The pleadings are not involved and for that reason need not be set forth in this opinion.

After issues had been joined a jury was empaneled and sworn to try the cause. Defendants demurred to plaintiff's evidence on the ground it failed to establish a cause of action in her favor and against them as a matter of law. When this demurrer was over-

ruled defendants adduced their evidence. Plaintiff offered no rebuttal testimony. Defendants then moved for a directed verdict on grounds: (1) That the evidence failed to establish any negligence on their part; (2) that such evidence established plaintiff's injuries were the result of her own negligence, and (3) that even if the evidence showed them to be negligent it also established plaintiff was guilty of contributory negligence which was the proximate cause of her injuries and therefore precluded her recovery. This motion was also overruled.

Following the return of the jury's verdict to which reference has heretofore been made and the rendition of judgment thereon defendants filed a motion to set aside the verdict and for judgment on the special questions, also a motion for judgment *non obstante veredicto*. Both of these motions were overruled. Defendants then filed a motion for a new trial. When it was denied they perfected this appeal and now specify the trial court erred in overruling their demurrer and motions and in rendering judgment against them.

The parties do not agree and are far apart in their construction of the evidence. For that reason our factual statement will be brief and limited to facts not in controversy. Those in dispute will be mentioned whenever it becomes necessary to give them consideration in disposing of the issues raised by the appeal.

In the interest of brevity in our relation of the facts, although appellant V. O. Coe was the driver of the bus involved in the accident and appellant The Kansas Power and Light Company was its owner, we shall regard and hereafter refer to such vehicle as "the appellants' bus."

On the 30th day of January, 1944, at about 5:30 p. m., appellee who was an employee of the F. W. Woolworth store in Topeka at a salary approximating $29 per week was proceeding south on the west side of Kansas avenue. She reached the intersection of Eighth street and Kansas avenue, an intersection controlled by traffic-control signals. When the green light or go signal came on she started across Eighth street in the pedestrial lane of traffic. She had proceeded but a short distance, estimated by her to be one-third of the way across the intersection, when she was struck by appellants' bus, thrown to the ground, and at least a portion of her foot run over by one of the wheels of such vehicle.

Appellants' bus had also been proceeding south on Kansas avenue. Just prior to the collision it had stopped at its regular bus

loading station, located on the west side of that street and imme-diately to the north of the intersection of Kansas avenue and Eighth street, for purposes of taking on passengers. It too entered the intersection from the north while the green light was on but instead of proceeding on south across the intersection made a right-hand turn for the purpose of proceeding west along the regular bus route on Eighth street. While turning into such street and while crossing the pedestrian lane, loaded with from 50 to 55 passengers, it collided with the appellee with the result that she suffered the injuries from which she now seeks recovery in damages.

Quite naturally, since its decision if sustained precludes appellee's recovery, appellants first contend the evidence fails to sustain the finding of the jury, reflected in its general verdict, that appellants were negligent in the operation of their bus and that such negligence was the proximate cause of appellee's injuries.

It goes without saying that in order to determine this first contention we are required to search the record, not for the purpose of seeing whether the evidence on the point is conflicting or to weigh it but to ascertain if there is any to be found there which upholds the jury's finding. As we do so we find: (1) Mrs. Butts testified that she looked both ways before she started across the street, that she did not see any cars and that the next thing she knew the bus came up from behind and hit her. She further stated that when she looked the bus was standing at the corner of Kansas avenue and Eighth street loading passengers and that it was still loading when she started to cross the street. In addition she said she was struck by the front part of the bus. (2) Mrs. Ramsey, who was in the same lane of traffic as Mrs. Butts but was going north instead of south on the west side of Kansas avenue, testified in substance that she saw the front part of the bus strike an individual, later identified by her as Mrs. Butts.

In and of itself we think the foregoing evidence was not only sufficient to sustain appellee's claim that the accident and her injuries resulted from appellants' negligence but also sufficient, if believed by a jury, to uphold its verdict. Conceding that drivers of motor vehicles and pedestrians have an equal right to use the streets and highways and a corresponding duty to employ ordinary care for their own safety it can be said, without determining the extent of care they are required to exercise at street crossings, that neither can come from the rear and run over the other at a street

intersection without being guilty of some negligence. But that is not all.

G. S. 1947 Supp. 8-574, provides:

"(a) No person shall drive a vehicle when it is so loaded, or when there are in the front seat such number of persons, exceeding three, as to obstruct the view of the driver to the front or sides of the vehicle. . ."

On his cross-examination the appellant V. O. Coe, who was the driver of the bus, admitted that it was overloaded to twice its normal capacity and that he could not see out its sides because of that situation. He even conceded that in heading south or southwest as he made the turn to go west on Eighth street he could not have seen anyone who might have been traveling the west traffic lane and who was at that time 15 feet south of the north line of the intersection in question.

Thus it appears from the evidence that at the time appellee was injured appellants' bus was being operated in violation of the section of the statute just quoted under conditions and circumstances which justified the trial court in permitting the jury to determine whether such violation contributed to the accident and was the proximate and legal cause of appellee's injuries.

The next claim relied on by appellants as a ground for reversal of the judgment is stated in its brief in succinct terms and will be quoted verbatim. It reads:

"Appellants contend that plaintiff was guilty of contributory negligence as a matter of law because she failed to observe the bus which was passing immediately in front of her and proceeded to walk directly into the side of said bus."

We point out it appears from the face of what has just been quoted appellants' position with respect thereto is predicated upon the assumption, and we might add upon its own construction of the evidence, that appellee was failing to keep a proper lookout and walked directly into the side of the bus. If that was the undisputed evidence we agree that under our decision in *Goodloe v. Jo-Mar Dairies Co.*, 163 Kan. 611, 185 P. 2d 158, appellee would have been guilty of contributory negligence and therefore precluded from recovery as a matter of law. The trouble is that under the facts and circumstances disclosed by the record in this case appellants' position is based upon a false premise. Conceding there was evidence which, if believed, would sustain their theory there was also substantial competent evidence, to which we have heretofore re-

ferred and therefore need not repeat, which if it were believed, would uphold appellee's theory that the bus came from behind and ran over her. In that situation, with the evidence in dispute, we think the question of appellee's contributory negligence was a fair question to submit to the jury and add that its decision on the point was conclusive.

In reaching the conclusion just announced we have not been unmindful of appellee's admission, asserted by appellants as compelling the sustaining of their position, to the effect that after stepping down from the curb and starting across the intersection she did not again look for or see appellants' bus. Even so the question of appellee's contributory negligence was for decision by the triers of fact.

In *Cusick v. Miller*, 102 Kan. 663, 171 Pac. 599, we held:

"A pedestrian, arriving at a street intersection which he desires and attempts to cross, is not necessarily guilty of contributory negligence because he does not look behind him for approaching automobiles." (Syl. ¶ 1.)

To the same effect are *Nicholas v. Wiles*, 126 Kan. 687, 271 Pac. 307, and *Dicks v. Wilson*, 143 Kan. 716, 56 P. 2d 1036.

Contentions advanced by the appellants with respect to the special questions and answers are for the most part based upon their erroneous assumption the evidence conclusively establishes that appellee walked into the side of their bus. For that reason they require little attention. It suffices to say that their arguments with respect thereto have been carefully considered and we do not agree that the answers of which they complain are not supported by evidence or that when construed together and viewed in the light of the situation disclosed by the entire record they are contradictory or inconsistent with the general verdict.

It is next urged the verdict for $5,700 was excessive. We are not disposed to set forth at length the evidence pertaining to the nature and extent of appellee's injuries. The substance of her evidence on that subject can be briefly stated: She was still under the doctor's care a year and six months after the accident; during that time three operations had been performed and another was necessary; her financial loss and expenditures up to that date amounted to more than $2,000; she had endured and continued to endure great pain and suffering; the bones of her foot had been crushed; the injury was permanent with a possibility of permanent traumatic

arthritis in the joints of the foot; at the time of the trial she had not been able to return to work, she could not stand on her feet for more than an hour at a time, her large toe was erupting fluids, and it was necessary for her to wear special shoes.

Appellants suggest there was evidence contrary to that just related from which the jury could have found appellee's damages far less than the amount allowed. Conceding the point, the jury did not see fit to do so. Moreover the trial court which had an opportunity to see the plaintiff and view her condition as well as hear all the evidence and observe all the witnesses who testified approved the verdict. In that situation, in the face of evidence such as has been heretofore related, we are not prepared to say the amount of the verdict is so excessive as to shock our judicial conscience and therefore require either a remittitur or the granting of a new trial.

Appellants finally contend the judgment should be reversed because (1) the verdict was the result of passion and prejudice and (2) improper evidence was admitted over their objection. Both of these claims were included in their motion for new trial as grounds for the granting of a new trial but neither was argued or urged on the presentation of such motion. In fact the trial court's memorandum opinion expressly so states and no contention is made to the contrary. Under such conditions both claims are to be regarded as having been waived in the court below and they are not now subject to appellate review (see *Brick v. Fire Insurance Co.,* 117 Kan. 44, 230 Pac. 309; *Rierson v. Southern Kansas Stage Lines Co.,* 146 Kan. 30, 69 P. 2d 1).

The judgment is affirmed.