No. 39,090

Pearl Bishop, *Appellee*, v. Laura Huffman, *Appellant*.

(262 P. 2d 948)

Opinion filed November 7, 1953.

*Richard Barrett*, of Pratt, argued the cause, and *George Barrett*, of Pratt, was with him on the briefs for the appellant.

*Bill Murray*, of Pratt, argued the cause, and *B. V. Hampton*, of Pratt, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Parker, J.: This was an action to recover damages for personal injuries sustained by a pedestrian who was struck by an automobile while crossing a street intersection. The cause was tried by a jury which found both parties guilty of negligence and returned a verdict for the defendant. On motion of the plaintiff the trial court set aside the verdict and granted her a new trial. The defendant appeals from those rulings.

The pleadings are important only as they define the issues and all that need be said regarding them is that each party charges that negligence on the part of the other was the proximate and legal cause of the accident. Nor will it be necessary, in view of the scope of appellate review, to detail all the evidence adduced at the trial. For that reason the facts as hereinafter related will be based on our construction of the evidence of record and limited strictly to facts essential to a determination of the all decisive issue whether the trial court erred in sustaining the motion for a new trial.

Main street running north and south and Second street running east and west in the city of Pratt intersect at what is probably the heaviest traffic point in that city. Traffic is controlled at such point by standard traffic control signals which are installed at each corner of the intersection and, so far as the time here in question is concerned, were exhibiting different colored lights regulating the ebb and flow of traffic through and across the intersection.

At approximately 3:50 p. m. on November 10, 1950, the plaintiff, Pearl Bishop, who was pulling a small shopping cart loaded with groceries and some other merchandise, went to the southwest corner of the Main and Second street intersection for the purpose of crossing Main street in an easterly direction. When she reached the south crosswalk of Second street leading across Main street she looked at the traffic light and observed that it was green. She then looked to the north and south on Main street and to the east of the intersection on Second street; upon doing so she saw no motor vehicles to the north and no automobiles approaching from the east, either in or close to the intersection, but did observe a car to the south of the intersection which was stopped and apparently waiting for a change in the traffic light. After making these observations plaintiff hesitated a moment and then started to cross the south (east and west) crosswalk with the green light, pulling the cart behind her. Proceeding in the manner indicated she had reached approximately the center of such crosswalk on Main street (66 feet in width) when she was hit and injured by an automobile, driven by the defendant, which was approaching from the east on Second street and attempting to make a left turn in the intersection.

Without further laboring the facts it may be said the record discloses that the automobile which struck plaintiff must have been a considerable distance east of the intersection at the time she started to cross the Main street on the south crosswalk of Second street, that beyond question plaintiff was proceeding along the crosswalk and in close proximity to the center of Main street at the time such automobile turned to the left in the intersection and that the driver thereof failed to give a clear audible signal of her intention to turn from a direct course upon Second street and make a left turn on Main street by sounding the horn of such automobile. Such record also makes it appear that plaintiff did not see the automobile until the moment before it hit her and, as she frankly conceded, there was nothing to have prevented her from seeing it as it approached

from the east if she had looked in that direction after she had started across the intersection.

The motion for a new trial was based on several of the grounds prescribed by our statute (G. S. 1949, 60-3001). However, it was sustained by the trial court on the specific and exclusive ground that it was not satisfied with the jury's verdict and findings holding that under the facts and circumstances disclosed by the evidence the plaintiff was guilty of contributory negligence barring her recovery.

The appellant contends that where a trial court grants a new trial upon a specific legal ground this court will examine the ground upon which the new trial was granted and determine whether it was legally sufficient. This, it may be conceded, is the rule if this court is in as good a position as was the trial court to examine it. (*Bernsden v. Johnson,* 174 Kan. 230, 255 P. 2d 1033.) Thus we come to the question whether this case falls within the foregoing rule.

It is well established in this jurisdiction that the operators of vehicles upon the streets and highways may assume that others using such streets and highways will observe the law and are not guilty of negligence as a matter of law in acting upon that assumption until they have knowledge to the contrary. (*Keir v. Trager,* 134 Kan. 505, 507, 7 P. 2d 49; *Gabel v. Hanby,* 165 Kan. 116, 193 P. 2d 239; *Beecher v. Stepanian,* 170 Kan. 201, 205, 224 P. 2d 1017; *Smith v. Salts,* 170 Kan. 313, 315, 224 P. 2d 1025; *Fry v. Cadle,* 171 Kan. 14, 18, 229 P. 2d 724; *Fowler v. Mohl,* 172 Kan. 423, 427, 241 P. 2d 517; *Blankenship v. Fraker,* 173 Kan. 438, 442, 249 P. 2d 683; *Cain v. Steely,* 173 Kan. 866, 875, 252 P. 2d 909; *Siegrist v. Wheeler,* 175 Kan. 11, 16, 259 P. 2d 223; and other decisions cited in West's Kansas Digest, Automobiles, § 206; Hatcher's Kansas Digest [Rev. Ed.], Automobiles, § 30.)

By the same token, since it has been established that in this state pedestrians and drivers of motor vehicles have an equal right to use the streets and highways (*Goodloe v. Jo-Mar Dairies Co.,* 163 Kan. 611, 620, 185 P. 2d 158, and cases there cited), the rule first above referred to applies with equal force to pedestrians using the streets and highways.

G. S. 1949, 8-547, provides that "No person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety, and then only after giving

a clearly audible signal by sounding the horn if any pedestrian may be affected by such movement, . . ."

The record, as we have heretofore indicated, discloses that appellant attempted to leave Second street and proceed south on Main street by making a left turn at the intersection without sounding the horn of her automobile in violation of the above mentioned section of our statute and that appellee had no knowledge she was going to do so until the very moment of the collision. Therefore, it cannot be held, as the appellant strenuously contends, that the appellee was guilty of negligence, as a matter of law, because she failed to see appellant's automobile approaching from the east on Second street prior to the accident.

Another established rule in this jurisdiction is that the question whether a pedestrian about to cross a street intersection, who looks for approaching traffic and then enters such intersection under the authority of a go signal and attempts to cross under conditions and circumstances such as are here involved, is guilty of contributory negligence is a factual question to be determined by the triers of fact.

For illustration, see *Dicks v. Wilson,* 143 Kan. 716, 56 P. 2d 1036, where a pedestrian was hit while crossing a street intersection and an eye witness said she was looking straight ahead when she was hit. The defendant argued that such conduct constituted contributory negligence. This court said:

"Such a rule would make it impossible for a pedestrian to look in the direction he was walking to see whether he was stepping into a hole in the pavement or stumbling over a brick." (p. 718.)

See, also, *Butts v. Kan. Power and Light Co.,* 165 Kan. 477, 195 P. 2d 567, where, in holding that under somewhat similar circumstances the question of a pedestrian's contributory negligence was for the jury, we said:

"In reaching the conclusion just announced we have not been unmindful of appellee's admission, asserted by appellants as compelling the sustaining of their position, to the effect that after stepping down from the curb and starting across the intersection she did not again look for or see appellant's bus. Even so the question of appellee's contributory negligence was for decision by the triers of fact." (p. 481.)

For other decisions factually dissimilar but nevertheless adhering to the same principle see *Claggett v. Phillips Petroleum Co.,* 146 Kan. 846, 850, 73 P. 2d 1015; *Nicholas v. Wiles,* 126 Kan. 687, 271

Pac. 307; *Kinear v. Guthrie,* 113 Kan. 692, 216 Pac. 280; *Coughlin v. Layton,* 104 Kan. 752, 755, 180 Pac. 805; *Cusick v. Miller,* 102 Kan. 663, 171 Pac. 599; *Ratcliffe v. Speith,* 95 Kan. 823, 149 Pac. 740; *Williams v. Benson,* 87 Kan. 421, 124 Pac. 531.

That our decisions are in line with the general rule is evidenced by what is said in well recognized legal treatises. See 3 Berry on Automobiles, 7th ed., page 302, which reads:

"When a pedestrian has committed himself to the crossing, he has the right to assume that vehicles will have due regard for his safety. Where a pedestrian is lawfully and prudently crossing a street, he is not guilty of contributory negligence merely because he does not run upon seeing an automobile approaching.

"Whether a pedestrian crossing a street at an intersection has used ordinary care to avoid injury from automobiles is ordinarily a question for the jury."

For other statements of similar import see 5 Am. Jur., Automobiles, 760, § 452; 2A Blashfield (Perm. Ed.) Cyclopedia of Automobile Law and Practice, Contributory Negligence, 357, § 1471; 79 A. L. R., Anno., 1073, Note 1 (a) and (d) and Note 2 (a) and (c).

The rules announced in the foregoing Kansas decisions are sound and should not be repudiated. Adherence to them means that this is not a case where this court is in as good a position as was the trial court to examine the ground assigned for the granting of a new trial for the simple reason that to do so would require a review of the evidence, the weighing of conflicting testimony on the question of appellee's contributory negligence, and the exercise of the discretionary powers vested in a trial court on the granting of a motion for a new trial.

The result is, that under the confronting facts and circumstances of this case, the propriety of the ruling granting a new trial must be examined in the light of principles to which this court has universally adhered, *i. e.,* that if a trial court is dissatisfied with a verdict it not only has the authority but it is its duty to set such verdict aside (See *Schroeder v. Texas Co.,* 169 Kan. 607, 609, 219 P. 2d 1063, and decisions there cited); that an order of a trial court sustaining a motion for a new trial will not be reversed unless abuse of discretion is apparent (See *Bateman v. Roller,* 168 Kan. 111, 112, 211 P. 2d 440); and that the granting of a motion of such nature rests so much in the trial court's sound discretion that its action with respect thereto will not be held to constitute reversible error on appellate review unless the party complaining thereof has clearly established error with respect to some pure, simple, and unmixed

question of law (*Bateman v. Roller*, p. 113, *supra; Schroeder v. Texas Co.*, p. 609, *supra*). When that is done we have no difficulty, after a careful examination of the entire record, in concluding that appellant has not only failed to clearly establish error with respect to some pure, simple, and unmixed question of law but has also fallen far short of establishing that the trial court abused its discretion in granting the new trial.

The judgment is affirmed.