## P. F. LINDH v. J. W. CROWLEY.

1. PARTNERSHIP; *Presumptions; Burden of Proof.* Where a partnership is organized for the purpose of buying, selling and dealing in drugs, medicines, etc., and the managing partner borrows money and gives a note therefor in the partnership name, it will be presumed that the note was executed for a partnership purpose and in the course of partnership dealings, and the burden of proof will rest upon him who asserts the contrary; and in the absence of proof to the contrary, it will also be presumed that the entire transaction was in good faith.

2. NOTE *Given in Firm-Name; Recovery.* Where a managing partner of a trading or mercantile partnership borrows money and gives a note therefor in the partnership name, and the lender believes at the time that the money loaned is to be used in the partnership business, *held,* that it is immaterial to the lender whether the money is actually used in the partnership business, or not, or whether the other members of the partnership receive any benefit therefrom, or not; and *also held,* that he may recover on the note against the other members of the partnership as well as against the managing partner.

3. NEW TRIAL, *Granted for Insufficient Reason.* Where a motion is made for a new trial and the trial court sustains the motion for a manifestly insufficient reason, and it does not appear from the record brought to the supreme court that there was any sufficient reason for granting a new trial, the order of the trial court granting the new trial will be reversed.

*Error from Saline District Court.*

THE plaintiff *Lindh* brings the case to this court, and assigns as error the order made at the May Term, 1882, of

the district court, granting the defendant *Crowley* a new trial. The facts sufficiently appear in *Lindh v. Crowley*, 26 Kas. 47, *et seq.*, and in the opinion herein.

*John Foster*, and *Lovitt & McClelland*, for plaintiff in error.

*Garver & Bond*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This is the second time that this case has been to this court. (*Lindh v. Crowley*, 26 Kas. 47.) After its return to the district court, the plaintiff so amended his petition as to make the action an action by P. F. Lindh as plaintiff, against J. W. Crowley alone, as the defendant. The action is founded upon three promissory notes, for $260, $270 and $280, respectively, with interest, each signed "Freeman & Co.," and a due-bill for $150, also signed "Freeman & Co." It is admitted by the parties that there was a partnership, consisting of Charles F. Freeman and some other person, whose partnership name was "Freeman & Co.;" and it is admitted that the notes and due-bill were signed by Charles F. Freeman, the managing partner of the firm, in the partnership name; but it is denied by the defendant that he, the defendant, was a member of the partnership, or that he ever received any benefit from the consideration for the notes and due-bill, or that any portion of such consideration ever went into the partnership business, or even that there was any legal consideration for the notes and due-bill; and it is claimed by the defendant that the transaction between Lindh and Freeman was a purely personal transaction, having no connection with the partnership business, and that it was instituted and carried out for the sole purpose of defrauding the partner of Freeman, and that Lindh, as well as Freeman, was fully cognizant of the object and purpose to be subserved by the execution of the notes and due-bill, and of all other facts connected with their execution.

This case was tried before the court and a jury, and the jury found a general verdict in favor of the plaintiff and

against the defendant, and assessed the amount of recovery at $1,066.33. The defendant then moved the court for a new trial, upon the following grounds: "1. That said verdict is not sustained by sufficient evidence, and is contrary to the weight of the evidence. 2. The said verdict is contrary to law. 3. Error of law occurring upon the trial, and excepted to at the time by the defendant." The court below sustained the motion for the new trial. Upon this subject the record brought to this court shows, among other things, as follows:

"The court thereupon decided to grant the said motion for a new trial, upon the ground that the evidence introduced in said trial did not sufficiently prove that the money paid by the plaintiff to the said Charles F. Freeman went into the firm business of Freeman & Co., and that the said evidence did not prove sufficiently that the said J. W. Crowley ever received any benefit therefrom. This is the theory upon which the case has been tried, and it is not sustained by the evidence to the satisfaction of my mind. To which decision and ruling of the court plaintiff excepted at the time."

The plaintiff brings the case to this court, assigning as error the order of the court granting the new trial. It is evident from the pleadings, the evidence, and the instructions of the court below, that the court below did not mean to say that the case was tried solely upon the theory that the money paid by the plaintiff to the defendant in consideration of the notes and due-bill went into the firm business of Freeman & Co., and that J. W. Crowley thereby received benefit from such money, for they all show that other questions were involved in the case, and that litigated in the case was whether J. W. Crowley was a member of the firm of Freeman & Co., or not. The court, for instance, instructed the jury, among other things, as follows:

"The plaintiff here claims that the firm was composed of the said Charles F. Freeman and the defendant J. W. Crowley. The defendant denies this, and says he was not a member of that firm. He admits the existence of such a firm as Freeman & Co., but says Mary Crowley, his mother, was a member of it, and not himself; and this would seem to be the first question to be disposed of in the case. If you should

find and believe from all the testimony that the defendant was not a member of that firm, then it would be your duty to find a verdict for him, and that would be the end of this case before you; but if you should find and believe from the testimony that the defendant was a member of the firm of Freeman & Co., then other questions would arise on the other portions of the answer of the defendant. . . . . The burden of proof is upon the plaintiff to satisfy your minds of the fact that this defendant was a member of the firm of Freeman & Co., and that he is entitled to recover against it."

Evidently the court below, by using the language above quoted in sustaining the motion for the new trial, simply meant to say that the case was tried by the plaintiff not only on the theory that J. W. Crowley was a member of the firm of Freeman & Co., and that the notes were given and received in good faith for money loaned by the plaintiff, but also that the case was tried by the plaintiff upon the further theory that the money loaned by the plaintiff to Freeman & Co. actually went into the partnership business, and that J. W. Crowley thereby received a benefit therefrom; but that there was not sufficient evidence, in the opinion of the court, to prove that the money was so used, and therefore that a new trial should be granted because of such failure in the proof; and construing such to be the meaning of the language of the court below, we think the court granted a new trial for an insufficient reason. *First*, the partnership was a trading partnership or mercantile partnership, being organized for the purpose of buying, selling and dealing in drugs, medicines, etc.; and *second*, the notes and due-bill were signed by the managing partner, and in the partnership name; and under such circumstances it will be presumed that the notes and due-bill were executed for a partnership purpose, and in the course of partnership dealings, and the burden of proof will rest upon him who asserts the contrary. (*Davis v. Cook*, 14 Nev. 277; *Teft v. Stewart*, 31 Mich. 373, 377; *Deitz v. Regnier*, 27 Kas. 94, 104, *et seq.* See also other cases cited in counsel's brief for plaintiff in error, as follows: *Gregg v. Fisher*, 3 Brad. 261;

1 Parsons on Notes and Bills, 128; *Whitaker v. Brown,* 16 Wend. 511; *Gansevoort v. Williams,* 14 id. 138; *Carrier v. Cameron,* 31 Mich. 377; *Kraft v. Freeman Printing and Pub. Co.,* 1 N. Y. Cond. Rep. 169.)

As the jury found in favor of the plaintiff and against the defendant in this case, it must also be presumed that the whole of the transactions had between the plaintiff and Charles F. Freeman were in good faith; that the money was actually loaned by the plaintiff to Freeman, and the plaintiff at least believed that the money was to be used in the partnership business. The court below has said nothing that tends to destroy the force of these presumptions. It is true the court below has said there was not sufficient evidence to prove that the money loaned by the plaintiff to Freeman was actually used in the partnership business, or that Crowley ever received any benefit therefrom. But this fact we think is wholly immaterial. It makes no difference, so far as the plaintiff is concerned, whether the money loaned was actually used in the partnership business, or not; or whether Crowley ever received any benefit therefrom, or not. If he believed when he loaned the money that it was to be used in the partnership business, that was and is sufficient so far as he is concerned. (See authorities above cited; also, Lindley on Partnership, 266, *et seq.,* 269, *et seq.;* Fox's Digest of Partnership, 262, 263.) When a person in good faith loans money to a commercial partnership, and loans it to the managing partner of the firm, as in this case, such person cannot be held to be responsible for the use of the money afterward. Such managing partner is not the agent of the lender of the money, but is in fact the agent of the partnership; and if he fails to use the money in the partnership business, or fails to use it for the best interest of the partnership, it is the partnership that must suffer, and not the lender of the money. It will be seen that the court below in this case granted a new trial on account of a wholly immaterial matter; and therefore it would seem to follow that the order of the court below granting a new trial should be reversed. In the case of *Field v.*

*Kinnear,* 5 Kas. 238, is is said that "this court will exercise a supervisory control over the action of the district court in either granting or refusing a new trial, and reverse the order of the district court in either case whenever that court misapplies or mistakes some settled principle of law, or manifestly abuses its discretion to the prejudice of either party." In the present case, we think the court below mistook a settled principle of law, or, in other words, was mistaken with regard to the law. If the court below had overruled the motion for the new trial without stating its particular reasons therefor, it is probable that this court would not reverse its ruling, for the reasons often stated by this court in refusing to disturb an order of the district court granting a new trial; but in this case the trial court has stated its reasons specifically, and we think the reasons are not sufficient. If it was clear that the defendant's motion for a new trial should be granted for some other reason than those stated by the court below, it is probable that this court would not disturb the order granting the new trial, although the order was avowedly granted for a reason which we deem to be insufficient. But we cannot say from the record before us that the defendant's motion for a new trial should be granted for any reason. The defendant suggests that the reasons given by the district court for granting the new trial are sufficient, for the following reasons: At the time the plaintiff loaned the money to Freeman, and took the notes and due-bill sued on, the plaintiff did not know who the other member of the firm of Freeman & Co. was, and that he loaned the money principally, if not entirely, upon the credit of Freeman. This we think cannot make any difference, for he loaned the money to go into the partnership business—loaned it to the managing partner, and took the notes and due-bill in the partnership name. He evidently gave the credit to the partnership business, as well as to Freeman.

The order of the court below granting the new trial will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.