No. 26,396.

THE ARMOURDALE STATE BANK, *Appellee,* v. J. A. HOEL, *Appellant.*

SYLLABUS BY THE COURT.

1. NEW TRIAL—*Powers of Court—Sufficiency of Grounds.* Rule followed that an order granting a new trial will not be reversed where the court is not satisfied with the verdict and where the party asking it has not received substantial justice nor unless the record clearly shows that the order was manifestly in violation of some principle of law.

2. SAME—*Continuance or Postponement—Jurisdiction.* Where a motion for a new trial has been duly filed, the jurisdiction of the court is not lost by the fact that the motion was not considered and determined until after several terms of court had passed.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. Mc-CAMISH, judge. Opinion filed January 9, 1926. Affirmed.

*Arthur J. Stanley* and *Fred Robertson,* both of Kansas City, for the appellant.

*J. H. Brady* and *T. F. Railsback,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by the Armourdale State Bank against J. A. Hoel, in which it asked a recovery against the defendant for having wrongfully and fraudulently procured the cashing of a check upon which payment had been stopped by the drawer, and of which stoppage of payment the defendant had knowledge.

There was testimony to the effect that in a transaction between a depositor of the bank named Heeter and defendant Hoel, Heeter gave Hoel a check for $1,000. The check was given late in the

Appeal and Error, 4 C. J. pp. 662 n. 91, 1131 n. 80. New Trial, 29 Cyc. pp. 1003 n. 13, 1005 n. 21; 20 R. C. L. 303.

afternoon and was presented by an agent of Hoel at the bank early in the morning of the following day. Prior to that time the bank had been instructed by Heeter not to pay the check. The agent of Hoel presented the check and was informed the payment on it had been stopped. Whereupon he took it back to Hoel's office and reported the dishonor of the check to him. No notation of stoppage had been made on the check. Hoel held it for about a month thereafter and then he deposited it with the Commercial National Bank and received payment thereon. The check, with a number of other items, was presented to plaintiff by the Commercial National Bank, and without noticing that this check was the dishonored one it inadvertently paid it out of Mr. Heeter's funds, but later the bank discovered the error and it reimbursed Mr. Heeter to the amount of the check and the plaintiff bank is still out the amount paid. Upon the testimony relating to the stoppage and dishonor of the check, the knowledge of defendant that it had been dishonored, his failure to take any steps to adjust the dispute with the drawer of the check, and his act in depositing and securing payment of the dishonored paper by the Commercial National Bank by which it was indorsed and transmitted by that bank to the plaintiff and paid through an oversight of a clerk in the plaintiff's bank, the jury returned a verdict in favor of the defendant. In due time a motion for a new trial was filed, which set up all the statutory grounds, which the court sustained and ordered a new trial of the case. Upon what ground the new trial was granted was not indicated by the court, and it does not appear that the defendant asked the court to state the specific ground or grounds upon which the motion was allowed. Evidently the court was not satisfied with the verdict. It may have thought that the credible evidence did not support the verdict or that the jury had ignored the instructions given, or possibly that the verdict was given under the influence of passion and prejudice. If the trial judge was of the opinion that any of these grounds existed and an unjust result had been reached it was his duty to grant the new trial. From the record it cannot be said that the trial court erred in respect to some pure, unmixed question of law. There have been scores of decisions against the reversal of orders granting new trials in similar cases. They are so numerous and so well understood that a citation of them is not warranted.

Another objection to the order is that so long a time elapsed

between the filing of the motion and its decision that the court was without jurisdiction to grant the motion. The reason for postponing the consideration and decision of the motion for about four years is not disclosed by the record. It may have been purposely passed over from term to term because counsel were not prepared to present it or disposed to call it up. Nothing in the record disclosed that the court refused an application to have it considered and determined at an earlier time. Jurisdiction of the case was not lost by the fact that the motion was not heard and decided at the term the verdict was returned. When a motion is made within the time fixed by the code it may be passed over to a subsequent term of the court without the loss of jurisdiction. (*Brenner v. Bigelow,* 8 Kan. 496.) In the case of *Life Ins. Co. v. Twining,* 19 Kan. 349, where a motion for a new trial was filed on the last day of the term and the court adjourned *sine die* without taking any action upon the motion, it was held that the motion did not become defunct by reason of the adjournment and the failure to consider and decide it, but that it was continued over to a subsequent term. In a similar situation it was held that there was inherent power in every court where there is no statutory limitation to continue proceedings before it from term to term, and that a case once legally commenced continued in existence until some affirmative action is taken disposing of the case. It was said:

"In other words, the idea is that where jurisdiction once attaches, and the action of a court is invoked, the jurisdiction remains until that action is had, or the application therefor withdrawn." (*Smith v. The Eureka Bank,* 24 Kan. 528, 531. See, also, *Denny v. Faulkner,* 22 Kan. 89.)

It appears that at the end of each term an entry was made continuing this and other pending motions to the succeeding term. However, as we have seen, a formal order of continuance was not necessary to the continued jurisdiction of the court over the motion. After the court acquires jurisdiction of an action or proceeding and there is no statutory limitation, it is not divested until some disposition is made of the proceeding by the court.

The judgment is affirmed.