No. 41,411

G. Dewey McClay and Vera Freone Hollinger, Administratrix of the Estate of Vera McClay, deceased, *Appellees*, v. Highway Commission of the State of Kansas, *Appellant*.

(341 P. 2d 995)

Opinion filed July 10, 1959.

*John B. Pierson,* of Ottawa, argued the cause, and *Wm. B. Kirkpatrick* and *Stanley Taylor,* both of Topeka, were with him on the briefs for the appellant.

*William S. Bowers,* of Ottawa, argued the cause, and *B. F. Bowers,* of Ottawa, was with him on the briefs for the appellees.

The opinion of the court was delivered by

Parker, C. J.: This is a condemnation action in which the State Highway Commission appeals from an order granting the landowners' motion for a new trial.

The facts leading up to the appeal are not in question and will be related solely for informative purposes.

G. Dewey McClay and Vera McClay were the owners of real estate located in Franklin County, which was condemned for highway purposes by the Commission. Vera McClay died subsequent to the institution of the condemnation proceeding. Thereafter Vera Freone Hollinger, the duly appointed administratrix of the decedent's estate, and McClay appealed to the district court of Franklin County from the award made by the appraisers in the initial proceeding. The case was tried in district court by a jury, which returned a general verdict for the landowners along with answers to submitted special questions. Thereupon the trial court approved the verdict and findings and rendered judgment in accord therewith. Thereafter, and in due time, the landowners filed a motion for a new trial, based on numerous grounds recognized by statute (G. S. 1949, 60-3001). The trial court reserved its ruling on such motion

and did not pass thereon until the following term of court, at which time it sustained the motion and in connection therewith made a statement which appears to have been responsible for the appeal subsequently perfected by the Commission from the order granting the landowners a new trial.

As abstracted pertinent portions of the statement made by the trial court, relied on by appellant as affording grounds for reversal of the order granting a new trial, read:

"The Court: In the McClay Appeal, No. 20-541, this case was tried to the jury in last November, 25th and 26th, of 1957. And the motion was argued on April 16th and it has been under advisement since then. This is a case in which the jury returned an award, the appraisers returned an award of something over $10,000.00 and the jury returned a verdict of $6,862.10. As I related to the attorneys at the time of the motion for new trial, when they concluded the arguments on the motion for a new trial, during the trial of this case the only witnesses for the Highway Commission as I remember it who went into the matter of values was Mr. Weien. *And I detected from his demeanor on the stand, and also from probably some of the previous testimony and the way he had testified in previous cases that he had not disclosed to the jury his full view on the matter of damages.* And I felt that so strongly that the next morning I went by his office and discussed it with him and he told me that was the situation. He had testified only as to what he thought the difference in the sale value of the entire tract was and he also had a figure that he thought was damages that he should have revealed to the jury that in his estimation the damages included not only that but 395 rods of fence at a total estimated value of damage of $987.50 and a miscellaneous figure, due to the change in the situation at the little house and so forth, of $1,000.00, which made $1,987.50 that he had that he figured would have been in his estimate of damages that was not conveyed to the jury. And for these reasons I think I will grant a new trial in that case." (Emphasis supplied.)

Stripped of all excess verbiage the over-all question raised by appellant with respect to the propriety of the ruling on the motion is that since it appears from the foregoing statement the trial court made an independent investigation as to the merits of its ruling, that action was so improper as to compel a reversal of such ruling on appellate review. It may be conceded the action of which appellant complains was irregular and cannot be sanctioned or approved. Even so, under the confronting facts and circumstances, it does not follow, as appellant contends, that action requires or warrants a reversal of the ruling granting a new trial.

The rules of law governing appellate review of claims that trial courts have erred in granting motions for a new trial are well-established in this jurisdiction and universally applied. One of such

rules is that if a trial court is dissatisfied with a verdict it not only has the authority but it is its duty to set such verdict aside and grant a new trial. Another is that the court in granting such a motion performed that duty, exercised its independent judgment, and determined whether the verdict should be set aside. Other such rules are to the effect (1) that an order of a trial court allowing a motion for a new trial will not be reversed unless this court is satisfied its action was wholly unwarranted and clearly amounts to abuse of discretion and (2) that the granting of a motion for a new trial rests so much in the trial court's sound discretion that its action will not be held to be reversible error unless it can be said the party complaining thereof has clearly established error with respect to some pure, simple and unmixed question of law. For just a few cases, citing numerous other decisions, where the foregoing rules are stated, considered, discussed and applied, see *Bateman v. Roller*, 168 Kan. 111, 211 P. 2d 440; *Schroeder v. Texas Co.*, 169 Kan. 607, 219 P. 2d 1063; *Moon v. Lord*, 172 Kan. 139, 238 P. 2d 506; *Gould v. Robinson*, 181 Kan. 66, 309 P. 2d 405.

Nothing would be gained by an extended discussion of other contentions, all founded on the premise to which we have heretofore referred, advanced by appellant in support of its position the general verdict of the jury and the findings made in answers to the special questions should be permitted to stand and the order made setting them aside and granting a new trial should be reversed. It is enough to say that resort to the heretofore quoted remarks of the district judge clearly reveals that he was dissatisfied with the verdict and special findings of the jury, otherwise he would not have resorted to the unusual procedure of talking to the witness (Weien) in order to make certain that his own recollection, respecting the state of the record and the fairness of the trial had by the appellant, was correct. Moreover, we are satisfied the record makes it appear the sole motive of such judge in talking to Weien was to make certain that all parties had been afforded a fair trial and that after doing so he exercised his independent judgment in determining whether he was dissatisfied with the verdict and the motion for a new trial should be sustained. In such a situation, in the absence of any claim or affirmative showing—and there is none—that the action of the trial judge in granting a new trial was arbitrary. capricious, or influenced by bias or prejudice, we are convinced that application of any one or all of the established rules, to which

we have heretofore referred, precludes this court from sustaining or upholding appellant's claim the trial court committed reversible error in sustaining the motion for a new trial.

In conclusion is should perhaps be stated that in its brief appellant, without stressing the point, directs attention to the fact the motion for a new trial was presented at one term and granted at a subsequent term. No claim is made that such motion was not filed within the time required by statute. Under these circumstances we are at a loss to know why the subject is mentioned. Our decisions hold that where a motion for a new trial has been duly filed, the jurisdiction of the court is not lost by the fact such motion was not considered and determined until after several terms of court had passed (*Armourdale State Bank v. Hoel,* 120 Kan. 130, 242 Pac. 481; *Hoffman v. Hoffman,* 156 Kan. 647, 135 P. 2d 887; *Barstow v. Elmore,* 177 Kan. 30, 276 P. 2d 360; *State Investment Co. v. Pacific Employers Ins. Co.,* 183 Kan. 229, 326 P. 2d 303).

The order and judgment of the district court granting a new trial is affirmed.