No. 42,278

CAIN CROCKETT, *Appellee,* v. MISSOURI PACIFIC RAILROAD COMPANY, *Appellant.*

(363 P. 2d 536)

Opinion filed July 8, 1961.

*Ralph M. Hope,* of Wichita, argued the cause, and *W. F. Lilleston; George C. Spradling; Henry V. Gott; George Stallwitz; Richard W. Stavely; Charles S. Lindberg,* and *Ronald M. Gott,* all of Wichita, were with him on the briefs for the appellant.

*William L. Fry,* of Wichita, argued the cause, and *J. D. White* and *Chester I. Lewis,* both of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This was an action under the Federal Employers Liability Act to recover for injuries alleged to have been sustained by plaintiff by reason of the alleged negligence of defendant.

After joinder of issues by appropriate pleadings the cause was tried and submitted to a jury which ultimately returned a general

verdict along with its answers to special questions in favor of the defendant. Thereafter, following consideration of plaintiff's motion to vacate the jury's verdict and its answer to special question No. 1, and to grant plaintiff a new trial, the trial court sustained the motion and granted plaintiff a new trial. This appeal, wherein it is conceded the sole question involved on appellate review is whether the trial court erred in granting a new trial after the verdict for the defendant, followed.

After carefully considering the briefs of the parties the court has decided that, without burdening its reports with a detailed factual statement, the single issue presented by the appeal may be disposed of on the basis of findings made by the trial court in a memorandum decision, in which it notified counsel it was granting plaintiff a new trial. These findings were subsequently incorporated in its journal entry of judgment.

So far as here pertinent, the findings, to which we have just referred, read:

"In addition thereto, the Court finds that the first, second, third, fourth, fifth, seventh, eighth and ninth grounds for plaintiff's motion as set forth in said motion have not been established, and on all said grounds, said motion should be overruled.

"On the sixth cause listed in plaintiff's motion, to-wit: 'Erroneous instructions given by the Court,' the Court has reached the conclusion that the motion should be sustained. In so doing, the Court recognizes the wording of special question No. 1 varies from the wording of the petition in instruction No. 1, and the Court notes that instruction No. 16 refers the Jury to the allegations in instruction No. 1, and it is the Court's feeling that the Court erred in permitting the wording of special question No. 1 to be more restrictive as to date than the allegations of the petition which were given to the Jury in instruction No. 1 and referred to thereafter in the instructions by such terminology as appears in instruction No. 16. The mere fact that the jury was bothered by this discrepancy sufficiently to question the Court after deliberations had commenced is indicative to the Court that the discrepancy might well have been prejudicial to the plaintiff's cause of action.

"In so ruling, the Court realizes that counsel for both parties were innocent of any attempt to mislead the jury by the wording of special question No. 1, and the Court did not notice said discrepancy, but should have, and in failing to do so, erred, *and the Court feels that the ends of justice require that the verdict of the Jury be vacated and the answer to special question No. 1 be set aside and plaintiff is hereby granted a new trial.*" (Emphasis supplied.)

Directing our attention to the second paragraph of the heretofore quoted findings the appellant contends the trial court granted the motion for a new trial solely upon the sixth ground thereof, *i. e.*, erroneous instructions and in so doing clearly set forth the only reason

for its order sustaining the motion. If the premise upon which appellant bases this contention were to be accepted as warranted by the findings in their entirety there would be much merit to contentions advanced by its ingenious counsel challenging the propriety of that ruling. However, it is neither necessary nor required that we here labor contentions based upon that construction.

The difficulty from appellant's standpoint, as we view it, is that it either fails or refuses to recognize the force and effect to be given the conclusion announced by the trial court, in the third paragraph of the above quoted findings, wherein it stated "and the Court feels that the ends of justice require that the verdict be vacated" and then rendered judgment accordingly.

After carefully considering all arguments advanced by the parties with respect to the construction to be given the findings in their entirety, it is the unanimous opinion of the members of this court that by the language used in the paragraph last above mentioned the trial court definitely indicated, in language so clear and unequivocal there could be no mistaking it, that it was dissatisfied with the verdict and was vacating such verdict and granting the appellee a new trial on that ground as well as the one previously mentioned in its findings.

With the findings construed as just indicated, this case falls squarely within the rule announced in our comparatively recent decision of *Nicholas v. Latham*, 179 Kan. 348, 295 P. 2d 631, where it is held:

"When a verdict rendered by a jury does not meet the approval of the trial court, no duty is more imperative than to set the verdict aside and grant a new trial." (Syl. ¶ 2.)

And in the opinion said:

". . . The trial court expressed as clearly and concisely as it could its dissatisfaction with the verdict of the jury when considered in the light of all the evidence and the pleadings in the case. Having expressed dissatisfaction with the verdict, the trial court could do no other than grant a new trial. The trial court has an important function to perform when the verdict is challenged by a motion for a new trial. On that motion the trial court declared its disapproval of the verdict. From the beginning it has been the rule that if a verdict rendered by a jury does not meet the approval of the trial court, no duty is more imperative than to set the verdict aside and grant a new trial. This rule has been adhered to without variableness or shadow of turning. It is well stated in *Bishop v. Huffman*, 175 Kan. 270, 274, 275, 262 P. 2d 948, wherein the court said:

" 'The result is, that under the confronting facts and circumstances of this case, the propriety of the ruling granting a new trial must be examined in the

light of principles to which this court has universally adhered, *i. e.*, that if a trial court is dissatisfied with a verdict it not only has the authority but it is its duty to set such verdict aside (See *Schroeder v. Texas Co.*, 169 Kan. 607, 609, 219 P. 2d 1063, and decisions there cited); that an order of a trial court sustaining a motion for a new trial will not be reversed unless abuse of discretion is apparent (See *Bateman v. Roller*, 168 Kan. 111, 112, 211 P. 2d 440); and that the granting of a motion of such nature rests so much in the trial court's sound discretion that its action with respect thereto will not be held to constitute reversible error on appellate review unless the party complaining thereof has clearly established 'error with respect to some pure, simple, and unmixed question of law (*Bateman v. Roller*, p. 113; *supra; Schroeder v. Texas Co.*, p. 609, *supra*)'." (p. 352.)

More recent decisions dealing with principles of law relating to the consideration and disposition of appeals from orders sustaining motions for a new trial are *Abercrombie v. State Highway Commission*, 185 Kan. 47, 340 P. 2d 377, and *McClay v. Highway Commission*, 185 Kan. 271, 272, 273, 341 P. 2d 995.

See, also, the numerous decisions listed in Hatcher's Kansas Digest [Rev. Ed.], New Trial § 25, Appeal & Error, §§ 458 to 463, incl.; West's Kansas Digest, New Trial § 110, Appeal & Error §§ 977 to 979, incl.; Dassler's Kansas Code, Annotated, Pleading and Practice [Supplementary Edition], Chap. 77, § 17, p. 711.

What has been heretofore stated and held requires affirmance of the trial court's order and judgment vacating the verdict and granting the motion for a new trial. It is so ordered.