No. 43,464

R. D. ALLEN, STEVE LATTYAK, et al., *Appellants*, v. THE URBAN
RENEWAL AGENCY OF THE CITY OF TOPEKA, *Appellee*.

(390 P. 2d 1020)

Opinion filed April 11, 1964.

*Charles Rooney, Sr.,* of Topeka, argued the cause, and *Charles Rooney, Jr.*
and *James R. Ward,* of Topeka, were with him on the briefs for Appellants.
*William L. Rees,* of Topeka, was on the briefs for Leaseholder.

*Gerald L. Goodell,* of Topeka, argued the cause, and *Lester M. Goodell,
Marlin Casey, Raymond Briman, Murray F. Hardesty, Wayne T. Stratton* and
*Robert E. Edmonds,* of Topeka, were with him on the briefs for the Appellee.

The opinion of the court was delivered by

FATZER, J.: This is an appeal from the trial court's order vacating
the verdict and granting the Urban Renewal Agency, the condemner,
a new trial.

The facts are briefly summarized: The Urban Renewal Agency
commenced this proceeding to condemn land on East Fourth Street
in the city of Topeka upon which a two-story brick building, ap-
proximately 60 years old, was located. Appraisers were appointed
by the court, who made an award to the landowner in the sum of
$14,300. The landowner, and the tenant who occupied the first
floor of the building, appealed to the trial court where the proceeding
was tried to a jury in a single action. Expert witnesses testified for
both the condemner and the landowner and the tenant, and the
jury returned a verdict that the property had a value of $21,000.

The condemner's motion for a new trial was timely filed, upon the
following statutory grounds:

"1. Because of the abuse of discretion of the court; misconduct of the plaintiffs and their attorneys; accident or surprise which ordinary prudence could not have guarded against.

"2. Erroneous rulings and instructions of the court.

"3. That the verdict or decision is in whole or in part contrary to the evidence."

When the motion was heard, counsel for the condemner presented authorities and made extensive argument in support of the motion. Greatly summarized, the trial errors alleged and strenuously urged by counsel for the condemner, were (1) the admission of testimony of the landowner's expert witness, Bob Lee, who was permitted to give an opinion of the market value of the land and building based on the income theory, when he had never been inside the building to observe its condition; (2) the testimony of Gene Cain, another expert witness of the landowner, who testified as to the so-called replacement cost of the building, when his knowledge was based solely on a 45-minute view of the building some nine months before the trial and when it was being razed and only the bare four walls were in existence; (3) misconduct of the landowner's counsel during argument to the jury, and (4) the verdict was not supported by, but was contrary to the evidence.

The extensive argument of counsel has been abstracted and each alleged trial error was strenuously urged by the condemner when the motion for a new trial was heard on October 19, 1962. The court took the motion under advisement, and on October 23, 1962, found and concluded that,

". . . motion of the defendant to vacate the verdict and grant a new trial should be sustained, as set forth in the memorandum letter of the court.

"It Is Therefore by the Court Ordered, Adjudged and Decreed that the motion of the defendant to vacate the verdict of the jury returned herein on the 9th day of October, 1962, and to grant a new trial, is hereby sustained, and said verdict is hereby vacated and a new trial is hereby granted."

Counsel were unable to agree upon the proper language to be used in the journal entry and on December 4, 1963, further proceedings were had and the court approved the journal entry prepared by the condemner, a portion of which is quoted above, which was also approved by counsel for both parties.

The appellant landowner contends that the sole question presented is whether the evidence of witness Lee was competent, and if it was, the order granting the new trial was erroneous. We do not agree. The record clearly indicates the trial court granted a new trial gen-

erally on the motion of the condemner which alleged statutory grounds, and in which counsel urged at least four specific grounds of error which occurred during the trial.

On October 23, 1962, when the court sustained the motion for a new trial generally, it directed a letter to counsel for the parties in which it was stated:

". . . To strike all of Mr. Lee's testimony on the ground that it was incompetent in absence of other trial errors, would in my opinion be too drastic, *but there were other errors in this case. Reluctantly I reach the conclusion that these errors effected the jury's verdict.*" (Emphasis supplied.)

After receiving the court's letter of October 23, 1962, counsel for the landowner filed a motion for a rehearing. On November 19, 1962, the court again wrote counsel for the parties overruling the motion to set aside the order granting a new trial in which it was stated:

"The motion for New Trial was given long consideration. *I concluded that there was sufficient grounds for a New Trial and that justice required it.* Arguments presented in the property owners' brief does not substantially change the picture, in my opinion." (Emphasis supplied.)

When the additional proceedings were had on December 4, 1962, to determine the proper language in the journal entry, the court again stated reasons for overruling the motion for a new trial. In referring to the testimony of Bob Lee, the court stated:

". . . I don't want to limit the granting of a new trial for that one little simple thing. . . . *in a broader sense I have some dissatisfactions with the way that the case was tried* all of which are referred to in my letters *some or all of which could have influenced the verdict, so I don't want to say categorically that I am satisfied with the verdict.*" (Emphasis supplied.)

Considering the record as abstracted, this court is of the opinion that the language used by the trial court in its journal entry vacating the verdict and granting the condemner a new trial, as well as its letters to counsel for the parties, definitely indicate that the court did not limit the granting of the new trial to a consideration of Lee's testimony, but that there were other errors in the case; that there were sufficient grounds for a new trial and that justice required it, and that the court was dissatisfied with the verdict and was vacating the verdict and granting the condemner a new trial on the grounds generally urged by the condemner.

With the findings construed as above indicated, this case falls squarely within the rule announced in *Nicholas v. Latham,* 179 Kan.

348, 295 P. 2d 631, where it was held: "When a verdict rendered by a jury does not meet the approval of the trial court, no duty is more imperative than to set the verdict aside and grant a new trial." (Syl. ¶ 2.) and in the opinion it was said:

". . . Having expressed dissatisfaction with the verdict, the trial court could do no other than grant a new trial. The trial court has an important function to perform when the verdict is challenged by a motion for a new trial. On that motion the trial court declared its disapproval of the verdict. From the beginning it has been the rule that if a verdict rendered by a jury does not meet the approval of the trial court, no duty is more imperative than to set the verdict aside and grant a new trial. This rule has been adhered to without variableness or shadow of turning. It is well stated in *Bishop v. Huffman*, 175 Kan. 270, 274, 275, 262 P. 2d 948, wherein the court said:

" 'The result is, that under the confronting facts and circumstances of this case, the propriety of the ruling granting a new trial must be examined in the light of principles to which this court has universally adhered, *i. e.*, that if a trial court is dissatisfied with a verdict it not only has the authority but it is its duty to set such verdict aside (See *Schroeder v. Texas Co.*, 169 Kan. 607, 609, 219 P. 2d 1063, and decisions there cited); that an order of a trial court sustaining a motion for a new trial will not be reversed unless abuse of discretion is apparent (See *Bateman v. Roller*, 168 Kan. 111, 112, 211 P. 2d 440); and that the granting of a motion of such nature rests so much in the trial court's sound discretion that its action with respect thereto will not be held to constitute reversible error on appellate review unless the party complaining thereof has clearly established error with respect to some pure, simple, and unmixed question of law (*Bateman v. Roller*, p. 113, *supra; Schroeder v. Texas Co.*, p. 609, *supra*)'. " (l. c. 352.)

Other decisions dealing with principles of the law relating to the consideration and disposition of appeals from orders sustaining motions for new trials are *Abercrombie v. State Highway Commission*, 185 Kan. 47, 340 P. 2d 377; *McClay v. Highway Commission*, 185 Kan. 271, 341 P. 2d 995, and *Crockett v. Missouri Pacific Rld. Co.*, 188 Kan. 518, 363 P. 2d 536. See, also, *Gould v. Robinson*, 181 Kan. 66, 69, 309 P. 2d 405.

This court is committed to the general rule that an order of a trial court allowing a motion for a new trial will not be reversed unless this court is satisfied the trial court's action was wholly unwarranted and clearly amounted to an abuse of discretion. Further, the granting of a motion for a new trial rests so much in the trial court's sound discretion that its action will not be held to be reversible error on appeal unless it can be said that the party complaining has clearly established error with respect to some pure, simple and unmixed question of law. (*Angell v. Hester*, 186 Kan. 43, 45, 348 P. 2d 1050.)

We are of the opinion that the appellant landowner has fallen far short of the requirement to show abuse of discretion on the part of the trial court in vacating the jury's verdict and granting the condemner a new trial, and we are required to affirm that order.

FONTRON, J., not participating.