No. 43,717

MARIA BARAJAS, *Appellant,* v. JERRY H. SONDERS, UNION CABS, INC., *Appellees.*

(392 P. 2d 849)

Opinion filed June 6, 1964.

*Gene E. Schroer,* of Topeka, argued the cause and *Hal E. Des Jardins,* of Topeka, was with him on the briefs for the appellant.

*Harold E. Doherty,* of Topeka, argued the cause, and *Ernest J. Rice* and *James E. Benfer,* both of Topeka, were with him on the briefs for the appellees.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a judgment of the district court granting a new trial based on misconduct of the jury.

The appeal stems from an action for the recovery of damages resulting from an automobile collision. The plaintiff was injured while a passenger in the taxi cab owned by the Union Cabs, Inc., which was being driven by the defendant, Jerry H. Sonders. The case was tried to a jury which returned a verdict in favor of the plaintiff in the amount of $20,000. The defendants filed a motion for new trial alleging the statutory grounds. At the hearing of the motion for a new trial the defendants stressed misconduct of the jury as one of the chief grounds therefore. An affidavit of one of the jurors and the testimony of the foreman of the jury was presented in support of some of the grounds alleged.

Although the defendants at the hearing on the motion for a new trial introduced evidence as to several allegations of misconduct on

the part of the jury, they now, with admirable candor concede that the only substantial ground covered by their evidence was the use of a slide rule by one of the jurors, who was an engineer, in making calculations while they were deliberating. The other alleged grounds of misconduct was disclosed by the record of the trial proceedings. At the hearing on the motion for a new trial, March 29, 1963, the defendants presented an affidavit of Robert A. Moore, one of the jurors, which insofar as now pertinent to the issues stated:

"Further, your affiant states that during the jury's deliberations in the jury room after the trial the instructions and the arguments of the parties, a slide rule was used, the same being in the possession of one of the members of the jury, to determine the location of the impact in the intersection and also to attempt to determine which vehicle entered the intersection first and also to make other mathematical computations pertaining to the facts and figures in the case."

Following the introduction of the affidavit, the following colloquy took place between counsel:

"Mr. Rice: You do acknowledge receipt of the affidavit?
"Mr. Schroer: Yes. I merely want to object to making a record of the testimony of this juror."

The testimony of Mr. David Bishop, the foreman of the jury, was then introduced. The witness's testimony was to the same effect as the statements in the affidavit on the use of the slide rule.

At the request of plaintiff the hearing was continued to May 10, 1963, at which time the plaintiff introduced a second affidavit of the juror, Robert A. Moore, which was filed with the court on April 4, 1963. It reads in part:

"Affiant further states that the previous affidavit given at the request of the counsel for the defendant did state that one of the jurors had in his possession in the jury room a slide rule. This statement was true; however, affiant wishes to make clear that affiant's decision as to the negligence of the defendant, Union Cab Company, Inc., was based upon the cab driver's 'failure to keep a proper lookout' as was responded by the jury in answer to special question No. 2. Affiant's decision was not based in any degree upon any calculations made by any person on a slide rule and that the plaintiff and other members of the jury expressed only a normal curious interest in the slide rule itself. That in affiant's opinion it had nothing whatsoever to do with the determination of the defendant's negligence or the verdict itself."

The record further disclosed that in addition to rendering a general verdict the jury did, without any suggestion from the trial court, break down the items of damages and include an item not supported by evidence. The general verdict reads:

"We, the jury, impaneled and sworn in the above-entitled case, do, upon our oaths, find for the plaintiff and assess her damages at $20,000.00.

"$1,500.00 for medical expenses already incurred.

"$1,000.00 for additional future medical expenses.

"$10,000.00 for permanent injury.

"$7,500.00 for the pain she still suffers."

It is stated in the appellees' counter abstract that the record disclosed no evidence of necessary future medical expense.

It was argued on the motion for new trial that the jury allowed incurred medical expenses in the sum of $1,500.00 while the evidence established but $1,317.91. It was also argued that the jury did not give proper consideration to the case in that they hurried their deliberations in order to be free on the Saturday they were deliberating. It was contended that this was disclosed by the allowance of an item of damages which was not supported by the evidence, and by the amount of the verdict in general.

At the close of the hearing on the motion for a new trial, the trial court concluded:

"Thereupon, the Court after considering testimony and affidavits previously introduced by the plaintiff and defendants, and considering arguments of counsel, both written and oral, finds, that there was misconduct on the part of the jury which resulted in prejudice to the defendants, and that a new trial should be granted."

Judgment was entered accordingly and the plaintiff has appealed.

The appellant contends that where the trial court grants a new trial upon specific legal grounds this court will examine the grounds upon which the new trial was granted and determine whether it was legally sufficient. This is the rule where legal grounds are being considered and this court is in as good a position as the trial court to determine the question. (*Ferguson v. Kansas City Public Service Co.*, 159 Kan. 520, 156 P. 2d 869; *Bernsden v. Johnson*, 174 Kan. 230, 255 P. 2d 1033.) However, the issues in this case do not fall within the rule.

The appellant would attempt to take each charge of misconduct separately and argue that standing alone there was no single charge of misconduct which would justify the granting a new trial.

We do not propose to so approach the question. We are concerned with whether or not the general and over all conduct of the jury denied the appellees a fair trial. The trial court appears to have approached the question on this basis. It concluded that

the evidence and affidavits introduced by both parties, and the oral and written arguments of counsel, which covered the entire trial proceedings, showed misconduct on the part of the jury which resulted in prejudice to the appellees.

The trial court's conclusion amounted to a finding that it was dissatisfied with the verdict because of the general misconduct of the jury.

Whether the misconduct of a jury is prejudicial to a party to an action is a question of fact to be determined in the light of all the circumstances of the trial. In *Thomas, Administrator v. Kansas Power & Light Co.*, 185 Kan. 6, 340 P. 2d 379, the established rules relating to granting new trials based on misconduct of the jury are stated on page 13 of the opinion where it is said:

"In view of the confronting facts and circumstances we pause here to note that a jury when accepted becomes a part of the court, and must necessarily act as a unit, and the misconduct of any juror which is sufficient to compel the granting of a new trial is misconduct of the entire jury. (66 C. J. S., New Trial, 162 § 47.)

"It should also be stated that basically, whether the misconduct in question was prejudicial is a question of fact, and in the final analysis the result in each case is dependent upon its own facts, for it is only when the misconduct complained of can, in the light of all the circumstances, be said to have influenced the jury's verdict and prevented a fair trial, that prejudice results.

"Likewise, it should be noted, that in the consideration of a motion for a new trial for alleged misconduct on the part of the jury each application must be determined mainly upon its peculiar facts and circumstances and should be granted or refused with a view not so much to the attainment of exact justice in a particular case as to the ultimate effect of the decision upon the administration of justice in general. (39 Am. Jur., New Trial, 87 § 73.) And in connection with this particular subject it should be pointed out this court has said (1) that the important question in a motion for a new trial based upon the misconduct of a jury is to determine whether the complaining party was probably prejudiced by such misconduct (*Bryant v. Marshall*, 135 Kan. 348, 354, 10 P. 2d 868) . . ." (See, also, *Gould v. Robinson*, 181 Kan. 66, 309 P. 2d 405.)

It might also be suggested that a record of the trial proceedings has not been presented for review. The appellant has presented only the proceedings on the motion for a new trial. This court is in no position to consider all of the circumstances of trial proceedings, particularly the itemized findings of damages, which might throw light on the question as to whether the alleged misconduct of the jury resulted in prejudice to the appellees.

This court has stated in *Bishop v. Huffman,* 175 Kan. 270, 274, 262 P. 2d 948:

"The result is, that under the confronting facts and circumstances of this case, the propriety of the ruling granting a new trial must be examined in the light of principles to which this court has universally adhered, *i. e.,* that if a trial court is dissatisfied with a verdict it not only has the authority but it is its duty to set such verdict aside (See *Schroeder v. Texas Co.,* 169 Kan. 607, 609, 219 P. 2d 1063, and decisions there cited); that an order of a trial court sustaining a motion for a new trial will not be reversed unless abuse of discretion is apparent (See *Bateman v. Roller,* 168 Kan. 111, 112, 211 P. 2d 440); and that the granting of a motion of such nature rests so much in the trial court's sound discretion that its action with respect thereto will not be held to constitute reversible error on appellate review unless the party complaining thereof has clearly established error with respect to some pure, simple, and unmixed question of law . . ." (See, also, *McClay v. Highway Commission,* 185 Kan. 271, 341 P. 2d 995; *Crockett v. Missouri Pacific Rld. Co.,* 188 Kan. 518, 363 P. 2d 536; *Allen v. Urban Renewal Agency,* 192 Kan. 682, 390 P. 2d 1020.)

The same rule must be applied where the trial court grants a new trial based on misconduct of the jury. This is particularly true where numerous grounds of misconduct are presented which require factual determinations.

This court cannot say, after considering all of the circumstances of the case, that there was apparent abuse of discretion on the part of the trial court in granting a new trial.

The appellant complains of the use of the affidavit of the juror Moore because it was not filed and served in accordance with the provisions of G. S. 1949, 60-2835. The appellant made no such objection at the time the affidavit was introduced as evidence on the hearing of the motion for a new trial. The objection cannot be raised for the first time on appeal. (*Boucher v. Roberts,* 187 Kan. 675, 359 P. 2d 830; *Thornton v. Bench,* 188 Kan. 89, 360 P. 2d 1065; *Folkerts v. Kansas Power & Light Co.,* 190 Kan. 159, 372 P. 2d 997.)

Other alleged errors in connection with procedures at the hearing on the motion for new trial have been considered and found to be without merit.

A careful examination of the record discloses nothing that would justify a reversal of the trial court's judgment granting a new trial.

The judgment is affirmed.

APPROVED BY THE COURT.