No. 43,701

PERRY D. HORNBACK, *Appellee,* v. MISSOURI-KANSAS-TEXAS RAILROAD COMPANY, a Corporation, *Appellant.*

(395 P. 2d 379)

Opinion filed July 14, 1964.

*James J. Lysaught,* of Kansas City, argued the cause, and *Paul L. Wilbert, Randall D. Palmer, E. Carter Botkin,* and *Alois R. Bieber,* of Pittsburg, *Willard L. Phillips, P. B. McAnany, Thomas M. Van Cleave, Jr.,* and *John J. Jurcyk, Jr.,* of Kansas City, were with him on the briefs for the appellant.

*Payne H. Ratner, Jr.,* of Wichita, argued the cause, and *Dave Carson* and *Murvyl M. Sullinger,* of Pittsburg, *Payne H. Ratner, Louise Mattox, Cliff W. Ratner, R. R. Barnes,* and *Tyler C. Lockett,* of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: Plaintiff (appellee) Perry D. Hornback brought this action against defendant (appellant) Missouri-Kansas-Texas Railroad Company, a corporation, under the provisions of the Federal Employers Liability Act seeking damages for personal injuries claimed to have been sustained by plaintiff by reason of the alleged negligence of the defendant. Issues were joined between the parties in the action and the case was tried to a jury which returned its answers to certain special questions submitted to it by the court and a general verdict in favor of the defendant. Plaintiff filed a motion for a new trial setting forth seven specific grounds of al-

leged error committed in the trial. The trial court, after hearing arguments of counsel and reviewing the briefs filed by the respective parties, granted a new trial on its own motion and upon the motion filed by plaintiff. This appeal is from the trial court's order granting a new trial.

The determinative question is whether or not the trial court abused its discretion in the granting of a new trial in the case. This question was answered in the case of *Bateman v. Roller*, 168 Kan. 111, 211 P. 2d 440, where it is stated:

"When a trial court sets aside a verdict and grants a new trial generally without specifying any reasons therefor the supreme court has no means of passing upon the sufficiency of the grounds on which its decision is based and hence cannot hold that its action with respect thereto amounts to an abuse of judicial discretion or constitutes reversible error." (Syl. ¶ 2.)

In the mentioned case this court reviewed and analyzed many of our cases and it is not necessary to repeat the citations here.

No reasons were given by the trial court for sustaining the motion for a new trial, and we might add, if they were requested, the record does not show it. It will not do, as defendant suggests, to limit those reasons to grounds stated in the motion. The books are full of cases recognizing that trial courts have authority to grant new trials on their own motion. Hence, when a new trial is granted generally it cannot be assumed a court in granting the new trial restricted its consideration of the motion and its decision with respect thereto to grounds of the motion alone. The presumption is that in the instant case the trial court performed its duty, exercised its independent judgment and determined whether the verdict should be approved. Under all our decisions (*Raines v. Bendure*, 166 Kan. 41, 199 P. 2d 456; *Myers v. Wright*, 167 Kan. 728, 208 P. 2d 589), if dissatisfied with the verdict, the trial court not only had authority but it was its duty to set the verdict aside and grant a new trial. For all we know the verdict may have been set aside and the motion sustained for any of several reasons. In any event, we are in no position to decide what those reasons were, and the defendant has failed to clearly establish any error in the trial court's ruling with respect thereto.

In *Nicholas v. Latham*, 179 Kan. 348, 295 P. 2d 631, we stated:

"When a verdict rendered by a jury does not meet the approval of the trial court, no duty is more imperative than to set the verdict aside and grant a new trial." (Syl. ¶ 2.)

See, also, *Bishop v. Huffman,* 175 Kan. 270, 274, 275, 262 P. 2d 948; *Crockett v. Missouri Pacific Rld. Co.,* 188 Kan. 518, 363 P. 2d 536.

This court is committed to the general rule that an order of a trial court allowing a motion for a new trial will not be reversed unless this court is satisfied the trial court's action was wholly unwarranted and clearly amounted to an abuse of discretion. Further, the granting of a motion for a new trial rests so much in the trial court's sound discretion that its action will not be held to be reversible error on appeal unless it can be said that the party complaining has clearly established error with respect to some pure, simple and unmixed question of law. (*Allen v. Urban Renewal Agency,* 192 Kan. 682, 390 P. 2d 1020.)

We are of the opinion the defendant has fallen far short of the requirement to show abuse of discretion on the part of the trial court in vacating the jury's verdict and granting the plaintiff a new trial, and we are required to affirm that order.

SCHROEDER, J., dissenting: Under the circumstances disclosed by the record in this case the trial court, in my opinion, abused the exercise of its power of discretion in granting the plaintiff (appellee) a new trial.

This is one of four cases originally filed in the district court of Wyandotte County, Kansas, all arising out of alleged accidents and injuries that occurred in the Parsons, Kansas, railroad yards, owned and operated by the defendant (appellant). All of said alleged accidents occurred about the same date and time.

Counsel for the plaintiff represented all of the plaintiffs and the witnesses lived in the Parsons area. The first case was tried in Wyandotte County and a verdict rendered pursuant to which judgment was entered. Thereafter, the remaining three cases (of which the instant case was one) were dismissed by the plaintiffs, without prejudice, and were later refiled in Crawford County, Kansas. (See, *Underwood v. Missouri-Kansas-Texas Rld. Co.,* 191 Kan. 338, 381 P. 2d 510.) When the case at bar was refiled in Crawford County another count was added to the petition alleging another injury, for which the plaintiff sought an additional $50,000. A motion to dismiss the action pursuant to the doctrine of *forum non conveniens* was filed claiming the case should be tried at Parsons in Labette County, Kansas, where the injury is alleged to have occurred, and not at Pittsburg in Crawford County, Kansas. This motion after argument was overruled.

Upon trial of the instant case to a jury in Crawford County, the jury returned a verdict in favor of the defendant on all issues as to both the first and second causes of action. On each of the verdict forms supplied by the court in which the jury had made the foregoing findings, it wrote the following: "Insufficient proof of negligence." Answers given by the jury to the special questions were consistent with the general verdict.

After the trial of the case and its submission to the jury, the jury had deliberated until late in the evening on Thursday, March 21, 1963, at which time the trial court called the jury into the courtroom. Upon inquiry it was announced that the members of the jury were having difficulty in arriving at a verdict. The court inquired of the foreman as to the status of their deliberations, specifying that no indication be given as to which way the jury stood at that time. Thereupon the foreman responded to the court that it was 9 to 3. Thereafter, on the following morning, March 22, 1963, prior to the jury's retiring for further deliberations, the court gave the following instruction:

"Gentlemen of the Jury: I want to say to the members of the jury before you commence your deliberations this morning that I think it is probably obvious, but perhaps I should mention it anyway, but there is a considerable amount of effort and time goes into the trial of one of these lawsuits on the part of both parties. Therefore it is probably highly desirable that you reach a verdict in this case if at all possible. *I don't see how it could be tried any better or any more thoroughly another time than it has been this time.*

"I know that where it is necessary that you reach a unanimous verdict, of course, that there must necessarily be some give and take and some compromises in the reaching of any verdict requiring the unanimous consent of the jurors, but *I do request that you keep those things in mind and continue your deliberations and that you reach a verdict if at all possible in the case.*" (Emphasis added.)

Counsel were given no prior notice that the foregoing instruction would be given to the jury, and when given proper objection was made.

After the jury returned its verdict in favor of the defendant, a motion for a new trial was filed by the plaintiff, and in due course argued to the court by attorneys for the parties who submitted briefs, and the authorities upon which they relied, to the trial court. Thereupon the court took the matter under advisement and on the 7th day of May, 1963, the minutes of the trial judge reflect his ruling as follows:

"The Court, having considered the arguments, authorities, and being otherwise fully advised, finds in the premises, *first upon its own motion,* and upon the motion of plaintiff, that a new trial should be granted, and it is therefore the judgment and order of the Court that the plaintiff be granted a new trial. DM." (Emphasis added.)

The general law recited in the court's opinion with respect to the granting of a motion for a new trial by the trial court must be conceded. The question here is whether the trial court abused the exercise of its power of discretion under the circumstances disclosed by the record presented.

After the trial court learned the jury stood 9 to 3, without knowing in whose favor the majority stood, it admonished the jury by an instruction in which the trial court commented that "I don't see how it could be tried any better or any more thoroughly another time than it has been this time."

In my opinion this is a positive expression by the trial court just prior to the jury's return of a verdict indicating its satisfaction with the trial of the case. Then, after the verdict is returned in favor of the defendant, the trial court in ruling upon the motion for a new trial emphasizes that it finds "first upon its own motion" that a new trial should be granted. In my opinion these statements by the trial court clearly indicate bias in favor of the plaintiff. Under these circumstances the trial court upon the granting of a motion for a new trial is compelled to specifically state its reasons, if it has any, other than bias in favor of the plaintiff.

The principle which gives a trial court wide discretionary powers in ruling on a motion for a new trial presupposes that the trial court is completely unbiased, honest and without prejudice in the case.

As early as 1871, this court recognized the limitation of a court's powers. In *Simpson v. Greeley,* 8 Kan. 586, the court stated:

".  .  . This court happily has no power to enforce its own ideas of right and justice, in this or any other case. Such power would make a court a despotism, settling questions not by any fixed standard, or settled rules, but by an *arbitrary decision according to the ever-varying notions of justice.  .  . ."
(pp. 595, 596.) (Emphasis added.)

The Seventh Amendment to the Constitution of the United States and Section 5 of the Bill of Rights of the Kansas Constitution give parties to litigation the right to trial by jury. Where a trial court by its own desires, beliefs, or for other reasons, destroys such constitutional guarantees, the constitutional rights of the parties have been destroyed.

To illustrate an instance where arbitrary action was taken on the part of a trial court contrary to the verdict of the jury, see *Lord v. Hercules Powder Co.*, 161 Kan. 268, 167 P. 2d 299. A case in point is *Lindh v. Crowley*, 29 Kan. 756, where the court stated:

"Where a motion is made for a new trial and the trial court sustains the motion for a manifestly insufficient reason, and it does not appear from the record brought to the supreme court that there was any sufficient reason for granting a new trial, the order of the trial court granting the new trial will be reversed." (Syl. ¶ 3.)

It is manifest from the circumstances presented by the record in the instant case that the trial court granted a new trial without reason. This court has not only the right, but the duty, to examine the record before it and determine whether the trial court abused the exercise of its power of discretion. In speaking of the power of trial courts and their rights in granting or denying motions for a new trial, language found in *Sovereign Camp v. Thiebaud*, 65 Kan. 332, 69 Pac. 348, is illuminating. There the court said:

"We are aware that great latitude must be allowed trial courts in supervising the verdicts of a jury, . . .

. . . . . . . . . . . .

"But these rules cannot be taken as authorizing the trial court *arbitrarily to set aside verdicts and grant new trials without reason.* A lawsuit is an orderly proceeding. Its conduct is regulated by certain well-defined rules. The judge is as much bound by these rules as are the jury. *He may not, without commiting error, set aside a verdict regularly obtained without legal reason therefor;* . . .

. . . . . . . . . . . .

"The discretion of district courts in the matter of granting or refusing new trials is a legal, not a capricious, one. It must be warranted by law and guided by established precedent. It may not be exercised *simply because the judge might wish the verdict to be otherwise.* . . . The saying that it takes thirteen to render a verdict *has passed to an adage,* but can mean nothing more than that, in cases where conflicting evidence raises a substantial and serious doubt in the mind of the trial judge of the correctness of the conclusion reached by the jury, he may interfere; but where, as in the case at bar, no such doubt could arise on the evidence, and no suggestion is made that there exists other evidence which would tend in the least to change the view taken by the jury, *the setting aside of the verdict and the granting of a new trial is an unwarranted exercise of the court's power.* . . ." (pp. 336, 337.) (Emphasis added.)

It is respectfully submitted the trial court abused the exercise of its power of discretion in granting a new trial on the record presented in the instant case.