No. 44,272

COLLIN F. WALSH, III, *Appellant*, v. THE STATE OF KANSAS, *Appellee*.

(407 P. 2d 516)

Opinion filed November 6, 1965.

*Howard Hudson,* of Fort Scott, was on the brief for the appellant.

*Robert C. Londerholm,* Attorney General, of Topeka, and *Charles M. Warren,* County Attorney, of Fort Scott, were on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: This is an appeal from a judgment overruling appellant's motion, brought under K. S. A. 60-1507, to vacate a sentence previously imposed against him by the District Court of Bourbon County.

The case comes to us on a stipulation between the appellant (herein called plaintiff) and the State which shows that on February 3, 1964, the plaintiff was arrested on a forgery charge and brought before the judge of the county court where he waived preliminary hearing and bond was fixed; that on February 4, 1964, plaintiff appeared in district court before Judge Robert H. Miller, where counsel was appointed to represent him and the cause was continued; that on February 19, 1964, the plaintiff, accompanied by his appointed counsel, entered a plea of guilty to second-degree forgery and was sentenced to the Kansas State Industrial Reformatory for a term of not to exceed ten years.

Thereafter, on August 28, 1964, the plaintiff wrote Judge Miller asking to have an attorney appointed to file a motion to vacate his sentence. Judge Miller treated this letter as being a motion to vacate sentence under K. S. A. 60-1507, and denied the same in an order wherein he found that all four of the contentions advanced by plaintiff were without merit.

A subsequent letter was addressed to Judge Miller on September

17, 1964, again asking for the appointment of an attorney to vacate and set aside the conviction. This letter, likewise, was considered by the court as a motion to set aside the sentence previously imposed, and Judge Miller denied the same by written order of September 30, 1964, in which he discussed the same four contentions contained in plaintiff's first communication, and concluded that the files and records conclusively showed that plaintiff was entitled to no relief.

After denying plaintiff's motion for rehearing, the court appointed Howard Hudson, a Fort Scott lawyer of good repute, to represent the plaintiff on this appeal. In such fashion the case has made its way before us for determination.

Two points, only, are raised in this appeal. First, that plaintiff was not provided with counsel prior to or during his appearance before the county court of Bourbon County, and second, that the sentencing court failed to inquire of plaintiff if mental coercion or promises had been made by prosecuting officials. We shall consider these in order.

Turning to the first point raised, this court, in an unbroken line of decisions, has held that a person accused of felony has no constitutional right to counsel at the preliminary examination provided for by our statutes. (*State v. Daegele,* 193 Kan. 314, 393 P. 2d 978, certiorari denied, 379 U. S. 981, 13 L. Ed. 2d 571, 85 S. Ct. 686; *State v. Jordan,* 193 Kan. 664, 396 P. 2d 342, certiorari denied, 380 U. S. 920, 13 L. Ed. 2d 805, 85 S. Ct. 917; *State v. Blacksmith,* 194 Kan. 643, 400 P. 2d 743; *Portis v. State,* 195 Kan. 313, 403 P. 2d 959.)

We find no reason in the present case to depart from the rule clearly expressed in the foregoing decisions, and in many more of our cases, as well. There is no suggestion that anything transpired, either at the time plaintiff waived preliminary examination, or on any occasion prior thereto, which can be said to have jeopardized or adversely affected the fundamental rights of the accused. The plaintiff's first contention lacks merit.

As to the second question posed by the plaintiff, we are not aware of, nor has our attention been directed to, any statute which requires a sentencing court to inquire of an accused, at the time he enters a plea of guilty, whether coercion has been used or promises have been made by prosecuting officers. Nothing appears in this record to suggest coercion or any improper inducement. Furthermore, it is significant that the plaintiff does not even allege that

he was coerced or lured by promises of any sort in entering his guilty plea.

If plaintiff knew of circumstances vitiating his plea of guilty, he should have called them to the court's attention at the allocution. K. S. A. 62-1510 provides, in substance, that when a defendant appears for judgment, the court shall ask whether he has any legal cause to show why judgment should not be pronounced against him. We must presume that the court performed its duty in such regard, since the record bears no evidence, or indication, to the contrary. (*Community of Woodston v. State Corporation Comm.,* 186 Kan. 747, 757, 353 P. 2d 206; *Hornback v. Missouri-Kansas-Texas Rld. Co.* 193 Kan. 395, 396, 395 P. 2d 379.)

The allocution affords an accused the chance to present before sentence, either in person or through his counsel, whatever grounds he claims may exist for impugning the integrity of the proceedings. No inference can be drawn from the record in this case that either the accused or his counsel, whose competency is not here in question, ever proposed any reason whatsoever why sentence should not be pronounced in accordance with the plaintiff's plea of guilty.

The plaintiff calls attention to *Machibroda v. United States,* 368 U. S. 487, 82 S. Ct. 510, 7 L. Ed 2d 473, as supporting his second contention. We do not so consider that decision. In Machibroda, a case involving a motion to vacate a sentence under 28 U. S. C. § 2255, the United States Supreme Court remanded the action to the district court for an evidentiary hearing of allegations that the petitioner's pleas of guilty had been induced by promises made by the prosecution. In the case before us, however, the plaintiff does not allege that his plea was either coerced or induced by promises. In this vital respect, the present action differs fundamentally from Machibroda.

One aspect of the Machibroda decision *does* bear an analogy to the present action, although it does not sustain the plaintiff's claim. One of the grounds alleged by Machibroda for vacating his sentence was that, in violation of Rule 32 (*a*) of the Federal Rules of Criminal Procedure, the court had not inquired if the defendant wished to speak in his own behalf before sentence was imposed. Such an inquiry would seem to be similar to and serve much the same purpose as the allocution under K. S. A. 62-1510. In denying Machibroda relief in this specific ground, the court held:

"For the reasons stated in *Hill v. United States, ante,* p. 424, we hold that the failure of the District Court specifically to inquire at the time of sentencing whether the petitioner personally wished to make a statement in his own behalf is not of itself an error that can be raised by motion under 28 U. S. C. § 2255 or Rule 35 of the Federal Rules of Criminal Procedure." (p. 489.)

In the Hill case (368 U. S. 424, 82 S. Ct. 468, 7 L. Ed. 2d 417), cited and relied on in Machibroda, the Supreme Court had this to say:

"The failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus. It is an error which is neither jurisdictional nor constitutional. It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure. . . ." (p. 428.)

We are constrained to hold that the second ground for relief advanced by the plaintiff is without merit.

From an examination of the entire record, we are of the opinion that no error has been shown. The judgment of the trial court is affirmed.